105 N.J. Super. 7 (1969)
250 A.2d 788
ROBERT K. HAELIG, WILLIAM KLOMPUS AND EDWARD WASSER, PLAINTIFFS-APPELLANTS,
v.
MAYOR AND COUNCIL OF THE BOROUGH OF BOUND BROOK, DEFENDANT-RESPONDENT,
v.
THE FIRST NATIONAL BANK OF SOMERSET COUNTY, N.J., A NATIONAL BANKING CORPORATION ORGANIZED UNDER THE LAWS OF THE UNITED STATES, INTERVENOR-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted February 3, 1969.
Decided March 3, 1969.
*8 Before Judges GAULKIN, COLLESTER and LABRECQUE.
*9 Messrs. Freint and Jacobs appeared for plaintiffs.
Messrs. Imbriani, Hughes, Westling & Lucas appeared for The First National Bank of Somerset County, New Jersey.
No appearance on behalf of the Mayor and Council of the Borough of Bound Brook.
The opinion of the court was delivered by GAULKIN, S.J.A.D.
The First National Bank of Somerset County, New Jersey (bank) offered to purchase certain property owned by the Borough of Bound Brook pursuant to N.J.S.A. 40:60-26(c). By resolution of May 7, 1968, published in a local newspaper on May 16, 1968, the borough "approved" the bank's offer, setting May 21, 1968 as the date on which the property would be "offered at public sale to the highest bidder," subject, however, to a number of conditions among which were the following:
"The contract shall provide that the property shall be used solely and exclusively for a banking facility substantially of the type set forth in plans submitted by the First National Bank of Somerset County, N.J. * * * The building shall thereafter be occupied by the successful bidder."
At the meeting of May 21, 1968, no other bids were offered and the borough adopted a resolution accepting the bank's offer.
Plaintiffs brought an action in the Law Division seeking to enjoin the borough from completing the sale, alleging (1) inadequacy of price, (2) unreasonably restrictive conditions of sale, (3) the bank's bid was not accepted at a public sale, and (4) advertisement for the public sale was not made in accordance with N.J.S.A. 40:60-26(c). The bank intervened. Plaintiffs then moved and defendants counter-moved for summary judgment on the single issue of *10 the legality of one of the allegedly overly restrictive conditions  that "the building shall thereafter be occupied by the successful bidder." The validity of the broader restriction, that the property be used solely for the described banking facility, was admitted by plaintiffs "for the purposes of [the] motion."
The court denied plaintiffs' motion and granted defendants' counter-motion on this single issue. In other words, the court held that this one condition was not illegally restrictive. The remaining issues were reserved for trial, and plaintiffs intend to press them. Thinking that it could make its ruling immediately appealable under R.R. 4:55-2, the court entered an order for summary judgment on this one issue which recited that it appeared "that there is no just reason for delay and that this court should issue an express direction for the entry of judgment on the issue before the court."
All counsel apparently believed that the above-quoted recital made the order immediately appealable without leave of this court, for they agreed to the form of the order. Plaintiffs then appealed. However, defendant bank now has concluded that such a single issue cannot be made appealable under R.R. 4:55-2, at least not without leave of this court, and it moves to dismiss the appeal. We agree and dismiss the appeal.
R.R. 4:55-2 provides as follows:
"Judgment Upon Multiple Claims
When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more, but less than all of the claims, only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."
*11 It is well settled that, aside from the "narrow exception" of R.R. 4:55-2, the Supreme Court rules "prohibit direct appeal unless final judgment has been entered disposing of all issues as to all parties. R.R. 1:2-1; 2:2-1." Hudson v. Hudson, 36 N.J. 549, 553 (1962); Petersen v. Falzarano, 6 N.J. 447, 453 (1951). This conclusion is based on the court's strong disapproval of piecemeal adjudication of controversies. Hudson v. Hudson, supra. It is also clear that, although a trial court has the power to enter a partial summary judgment, adjudicating fewer than all the issues in a case, R.R. 4:58-4, such judgment cannot be made appealable unless the disposition of that issue or issues completely disposes of the claim with reference to which that issue or issues is tendered. If the claim may yet prevail (or be defeated) upon the basis of grounds or theories or counts advanced in the pleadings other than the adjudicated issues, R.R. 4:55-2 cannot make those issues appealable. Applestein v. United Board & Carton Corp., 35 N.J. 343, 351-352 (1961). For example, a plaintiff might sue for personal injuries alleging, in separate counts, negligence, breach of express warranty, breach of implied warranty, violation of a statute, etc. If the trial judge strikes one or more of these counts, but leaves others to be tried, his order cannot be made appealable under R.R. 4:55-2. Plaintiff's single claim in such case is for compensation for his injuries, and if he can recover such compensation on any count remaining in the case his claim has not been finally adjudicated.
By its terms, the rule applies only "when more than one claim for relief is presented in an action" and, in allowing the trial court to make a partial summary judgment final, it states that "the court may direct the entry of a final judgment upon one or more, but less than all of the claims * * *." The question becomes, therefore, whether the action at hand comprises multiple claims, in which case R.R. 4:55-2 would apply, or a single claim with multiple grounds of support, as to which the rule is, by its terms, *12 inapplicable. See Applestein v. United Board & Carton Corp., supra, at p. 353, n. 3.
The background and decisions under the analogous federal rule, Fed. R. Civ. P. 54(b), are instructive. In its note to the 1946 revision of Rule 54(b), the Federal Advisory Committee observed that Rule 54(b) was originally adopted "in order to avoid the possible injustice of a delay in judgment of a distinctly separate claim to await adjudication of the entire case. It was not designed to overturn the settled federal rule" that appeals be taken only from final judgments to avoid piecemeal litigation. (Emphasis added.) The committee noted that confusion had arisen under the original rule, in which "district courts made a piecemeal disposition of an action and entered what the parties thought amounted to a judgment, although a trial remained to be had on other claims similar or identical with those disposed of." By its 1946 amendment, the committee sought to retain the intent of the general rule but clarify its application. 6 Moore, Federal Practice, § 54.01[6], pp. 10-12 (1966). R.R. 4: 55-2 is identical to Rule 54(b) as amended in 1946.[*]
Although there has been some dispute as to the meaning of the word "claim" in Rule 54(b), and no clear rule has evolved to define it in close cases, see 6 Moore, Federal Practice, §§ 54.24, 54.27[3], 54.33 (1966), generally "a separate claim is said to be that which is entirely distinct from other claims in an action and which arises from a different occurrence or transaction." Town of Clarksville v. United States, 198 F.2d 238, 240 (4 Cir. 1952), certiorari denied 344 U.S. 927, 73 S.Ct. 495, 97 L.Ed. 714 (1953); Reeves v. Beardall, 316 U.S. 283, 62 S.Ct. 1085, 86 L.Ed. 1478 (1942).
*13 Whatever the difficulties of applying this distinction in a close case, it is apparent that plaintiffs' contentions here are not separate claims. Plaintiffs simply allege that the borough's sale of property to the bank was improper and should be enjoined. They seek only one judgment, i.e., for an injunction. Although they seek it for several reasons, their claim is single. Their contentions  inadequate price, unreasonably restrictive sale conditions, lack of public sale, and improper advertising  are merely several grounds in support of this single claim. Therefore, since only one claim is presented in the action, R.R. 4:55-2 is not applicable. And, since it is admitted that the judgment of the Law Division did not dispose of the claim but only of a part of plaintiffs' contentions, it was not final and could not be made the subject of a direct appeal by the trial court.
The motion to dismiss the appeal is granted and the cause is remanded to the trial court for further proceedings. No costs.
NOTES
[*] In 1961, Rule 54(b) was amended again to apply to adjudications as to fewer than all parties to an action as well as all claims. This result has apparently been reached under R.R. 4:55-2, without amendment. See Mortgage Corp. of N.J. v. Aetna Cas. & Surety Co., 19 N.J. 24, 28 (1955).