107 N.J. Super. 1 (1969)
256 A.2d 497
JAMES FLORIO, BY HIS GUARDIAN AD LITEM ANGELO FLORIO, AND ANGELO FLORIO, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
VIRGINIA GALANAKIS AND CLAIRE GALANAKIS, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted June 20, 1969.
Decided August 19, 1969.
*2 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Vincent J. Jennings, attorney for plaintiffs Florio.
Messrs. Campbell, Mangini, Foley, Lee & Murphy, attorneys for defendants Galanakis (Mr. Stephen J. Foley, on the brief).
Messrs. Reussille, Cornwell, Mausner & Carotenuto, attorneys for plaintiff Carotenuto.
Messrs. Carton, Nary, Witt & Arvanitis, attorneys for defendant Florio.
Messrs. Pearlman & Krumholz, attorneys for plaintiff LoBello.
PER CURIAM.
We herewith grant leave to appeal and decide the merits of the substantial issue involved  plaintiff Florio's right to appeal an adverse jury verdict  on the motion papers and supplemental briefs, having notified the parties of our intention possibly to do so, and having *3 afforded them ample opportunity to file supplemental briefs on that issue. Cf. R. 2:11-2 (effective September 8, 1969).
James Florio, Claire Galanakis, Joseph LoBello and Diane Carotenuto, all minors, were occupants of an automobile which went out of control on April 1, 1967, resulting in death to Carotenuto and personal injury to the others. The car was owned by Galanakis' mother. Florio and Galanakis were in the front seats, but the identity of the driver was disputed. The others were in the back seats.
Three civil actions were instituted, two in the Superior Court: (a) by Florio's guardian against Galanakis, for her negligence, and (b) by Carotenuto's administrator against Florio, or, in the alternative, against Galanakis, for negligence and willful misconduct. The third action, in the Monmouth County Court, was brought by LoBello's guardian against Galanakis for her negligence.
The three actions were ordered consolidated and came on for trial in December 1968. The cases were tried in the first instance on the issue of liability only, the principal dispute being as to who was the driver of the car at the time of the accident. We are told that Florio and LoBello testified it was Galanakis and that Galanakis testified she could not remember. The trial court's minutes reflect return of a jury's verdict on December 19, 1968 in plaintiff Florio's action of no cause for action; in plaintiff LoBello's action of no cause for action; in plaintiff Carotenuto's action of no cause for action as to defendant Galanakis and of liability as to defendant Florio. No specific entry of judgment was made on any of the verdicts by either the court clerk or the trial judge. But see R.R. 4:59 (somewhat recast in R. 4:47).
Subsequently motions for new trial and for judgment notwithstanding the verdict were made by Florio and LoBello but were denied. These do not affect the issue herein decided.
On March 28, 1969 there came on for hearing in the Superior Court, Law Division, a motion by Florio as plaintiff (he had been represented by insurance counsel as defendant) for *4 the formal entry of judgment on the verdict against him so that he might appeal therefrom. He conceived that this was necessary since there was not yet any judgment of record and, in any event, there had been no final judgment on all issues as to all parties (the issue of damages in the Carotenuto action was not determined by the jury verdict), thereby precluding the subsistence of a final judgment appealable as of right without leave. Petersen v. Falzarano, 6 N.J. 447, 453 (1951); Hudson v. Hudson, 36 N.J. 549, 552-553 (1962).
It appears that at the time the motion was argued there had been agreement on settlement of the Carotenuto action, but a formal stipulation of dismissal of that action (with prejudice) was not signed until May 7, 1969 or entered until May 20, 1969. Thus the damages phase of the consolidated action, as to the Carotenuto claim, was still technically pending when the motion for entry of judgment was argued as well as when the order of denial thereof was signed (April 14, 1969) and filed (April 15, 1969).
The trial court accepted the argument in opposition offered on behalf of Galanakis that the adverse jury verdict on December 19, 1968 constituted an appealable final judgment and that Florio's motion for entry of judgment was but a stratagem to extend his time to appeal, already allegedly expired. The motion was denied. There followed the present motion in this court for leave to appeal the order of denial. R.R. 2:2-3 (a).
The trial court's reasoning was not well-founded. There was no final judgment against Florio as plaintiff, appealable as of right, on the mere entry of the jury verdict in the minutes. We pass any questions related to the technical absence of entry of judgment by the clerk, pursuant to R.R. 4:59. Even if judgment of no cause of action had been entered on the docket against Florio as plaintiff, this would not have constituted a final judgment, appealable by him as of right, since there was not a final judgment on all issues and as to all parties, the issue of damages in the *5 Carotenuto action still being open. See the Petersen and Hudson cases, cited above. Although the three actions were originally instituted as separate actions, their consolidation by the court fused them into a single action. R.R. 4:43-1 (e) (substantially continued by R. 4:38-1 (e)); 2 Schnitzer and Wildstein, New Jersey Rules Service, p. 1506; cf. Ettin v. Ava Truck Leasing, Inc., 53 N.J. 463, 477 (1969). Consequently the general rule as to finality of judgments, for purposes of appeal as of right, was here applicable. Schnitzer & Wildstein, ubi cit.
It is argued on behalf of Galanakis that the rule as just expounded works unsoundly toward the protraction of litigation, and that the policy against piecemeal appeals, underlying the rule, is not pertinent in this setting, all questions as to liability between the parties having been determined by the jury verdict. However, some flexibility in this regard is afforded by R.R. 4:55-2, which permits the trial court in its discretion to render a final determination of one of a number of claims involved in an action appealable forthwith by making an express determination that there is no just reason for delay in entering final judgment in respect thereto. Galanakis did not seek relief against delay in instituting appeal of the jury verdict on the Florio claim under that rule, as she probably might have. (R.R. 4:55-2 is substantially continued by R. 4:42-2).
Had formal dismissal of the Carotenuto complaint (pursuant to the settlement) been docketed by the time of the action of the trial court under appeal, it would then have been appropriate for the court to have directed formal entry of judgment under R.R. 4:59, so as to have the record unambiguously reflect finality of determination of the consolidated action in respect of all parties and all issues. Since such dismissal is now recorded, sound administration and the interests of justice in this particular case call for entry of such final judgment by the trial court forthwith, whereupon plaintiff Florio's right of appeal without need for leave of court will accrue.
*6 Reversed and remanded to the Law Division for entry of final judgment in conformance with this opinion. No costs. Galanakis' cross-motion to dismiss Florio's motion for leave to appeal is denied, without costs.