129 N.J. Super. 291 (1974)
323 A.2d 518
JANE G. KERR, PLAINTIFF-RESPONDENT,
v.
STIRLING D. KERR, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted May 14, 1974.
Decided June 21, 1974.
*292 Before Judges KOLOVSKY, FRITZ and CRANE.
Messrs. Miller and Lawless, attorneys for appellant.
Messrs. Franzoni & Sussman, attorneys for respondent.
*293 Mr. William F. Hyland, Attorney General of New Jersey, filed a statement in lieu of brief on behalf of the State of New Jersey.
The opinion of the court was delivered by FRITZ, J.A.D.
Defendant appeals from a judgment of divorce entered against him in an action brought by his wife sounding, in part, in a cause based on extreme cruelty as defined in N.J.S.A. 2A:34-2. He complains here that plaintiff failed to prove a cause under that statute. Additionally, he seeks a declaration that N.J.S.A. 45:14B-28, extending a protected privilege to communications between a licensed practicing psychologist and his clientele, is unconstitutional. Finally, he asserts that the judgment entered was improper in any event because it was entered without compliance with R. 4:42-1(a).
We observe at the outset that only the cause of action for divorce was determined in the judgment entered, and that issues between the parties such as custody, alimony and property distribution, remain. In such circumstances defendant's appeal, brought without his having sought leave, is from an interlocutory determination, and premature. Rather than dismiss the appeal for this reason, as we well might, we choose to grant leave to appeal nunc pro tunc on our own motion and to consider the merits.
In response to the first of defendant's arguments, we pose the dispositive question in terms of whether the credible proofs support the finding of the court below that "it will be unreasonable to expect these parties to live in any type of harmony that a viable marriage will require," for the court thus accurately paraphrased a definition of extreme cruelty found in N.J.S.A. 2A:34-2. If so, absent a manifest miscarriage of justice, our ordinary obligation is to affirm. State v. Johnson, 42 N.J. 146 (1964). We have read the record carefully, and while plaintiff's proofs are far from impressive, we cannot say either that they are not credible or that they do not establish the unreasonableness *294 of "expect[ing] the plaintiff to continue to cohabit with the defendant." N.J.S.A. 2A:34-2.
With respect to his second argument, defendant's complaint may be with regard to the wrong statute. The transcript and the briefs indicate that it may have been a marriage counselor, rather than a psychologist, who, through his attorney, asserted the statutory privilege. See N.J.S.A. 45:8B-29. We have no transcript of the occurrence, but both briefs refer to recourse to N.J.S.A. 45:14B-28 in the assertion of the privilege. No matter; that which defendant here urges might be said of either statute. The attack on the constitutionality of the cited statute is generalized, and is unsupported by reference to any authority. The essence of the argument is set forth in a complaint in broad terms of a legislative classification whereby licensed practicing psychologists are treated differently from medical doctors, i.e., "physicians," in that the privilege extended to the former is not subject to compelled disclosure in a waiver situation. (Nor is that extended to marriage counselors. See N.J.S.A. 45:8B-29.) We need not determine whether defendant's view of the privilege as thus argued is correct, because nothing in the inadequate record before us[1] even suggests unreasonableness in such a dichotomous classification.
No equal protection difficulty arises unless it is demonstrated that a difference in treatment is upon grounds wholly irrelevant to the achievement of a lawful objective by the State. State v. Smith, 58 N.J. 202 (1971). Pertinent here by analogy is that which is said as to penal statutes in Smith:
*295 * * * The Legislature has wide discretion in the creation or recognition of different classes of offenders for separate treatment. In pursuing a legitimate objective, it may recognize degrees of harm or possible harm and strike at what it feels more urgently needs repression. If there is some reasonable basis for the recognition of separate classes, and if the disparate treatment of the classes has a rational relation to the object sought to be achieved by the lawmakers, the Constitution is not offended. * * * [at 207]
We can easily conceive of a reasonable basis for distinction between a physician treating a disease and a psychologist or marriage counsellor endeavoring to reconcile embittered spouses. Nothing in this record disparages the desirability or reasonableness of such a distinction.
Defendant's last argument is technical (defendant concedes in his brief he "does not claim injury by reason of the failure to follow [R. 4:42-1(a)], since Rule 4:42-2 clearly provides for revision"), but is forwarded to set the record straight with regard to issues yet to be decided but unmentioned in the judgment. Our observation that defendant's point fails to elicit an enthusiastic response because he made no effort before the trial judge to amend the judgment should not be mistaken for easy condonation of the regrettable failure of the judge below to require compliance with the mandate of R. 4:42-1(a). However, this error does not infect the judgment.
Affirmed. No costs.
NOTES
[1] The parties did not pursue the matter below. No real offer of proof appears, nor does anything before us demonstrate that the assistance of the court was sought to compel the testimony. At one place the court below, in explaining an adjournment and anticipating some reluctance on the part of the marriage counselor to appear, said, "A counselor of this nature who gets paid for his time is in my view no different than a treating physician and if necessary don't hesitate to issue subpoinas [sic] in which event we will do it in open court." There is nothing subsequent to this in any of the record which follows.