129 N.J. Super. 207 (1974)
322 A.2d 824
JOHN YUHAS, GUARDIAN AD LITEM FOR LARRY YUHAS, A MINOR AND JOHN YUHAS, GUARDIAN AD LITEM FOR BARRY YUHAS AND JOHN YUHAS, INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v.
FLOYD W. MUDGE, WILLIAM MUDGE, MICHAEL LASHUTKA, EDWIN C. CHRISTIE AND ECCO PRODUCTS, INC., DEFENDANTS, AND POPULAR MECHANICS CORPORATION AND HEARST CORPORATION, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted June 18, 1974.
Decided July 1, 1974.
*208 Before Judges HALPERN, MATTHEWS and BISCHOFF.
Mr. Harvey L. Stern, attorney for appellants.
Messrs. Lenox, Giordano, Devlin, Delehey & Socey, attorneys for respondents.
The opinion of the court was delivered by HALPERN, P.J.A.D.
The novel question presented on this appeal is whether a magazine publisher may be held responsible in negligence for injuries resulting from the use by a paying customer of an alleged defective product advertised in its magazine, when it does not manufacture, distribute, sell, warrant or endorse the product. The trial judge found that no actionable duty existed against the publisher and granted summary judgment in favor of respondents. We affirm.
Defendants Christie and Ecco Products, Inc., manufacturers and sellers of fireworks, placed a paid advertisement in Popular Mechanics Magazine published by respondents Popular Mechanics Corp. and Hearst Corp.[1] Defendants Floyd Mudge and Michael Lashutka saw the advertisement and purchased the fireworks directly from Christie and Ecco. Infant plaintiffs Barry Yuhas and Larry Yuhas sustained personal injuries when the fireworks were exploded by Floyd *209 Mudge. Admittedly, respondents did not manufacture, distribute, sell, test, warrant or endorse the fireworks; nor is there any indication in the record that they have ever received any direct pecuniary benefit from any sales of the multitude of products advertised in their magazine.
This suit was instituted against William Mudge, the owner of the property where the accident occurred; Floyd Mudge, the purchaser of the fireworks and the one who invited plaintiffs to see the fireworks and who exploded them; Michael Lashutka, who purchased the fireworks with Floyd Mudge; Edwin Christie and Ecco Products, Inc., manufacturers and sellers of the fireworks, and respondents, printers and publishers of the advertisement.
We are concerned only with the dismissal of plaintiffs' complaint against respondents.[2] Preliminarily, we note that plaintiffs' claims against some of the defendants still remain open; thus, the summary judgment appealed from is interlocutory rather than final, and leave to appeal should have been sought. R. 2:2-3(b) and R. 2:2-4. However, at this late stage, and in the interest of prompt disposition of the matter, the necessary leave is granted nunc pro tunc.
The thesis advanced by appellants to recover from respondents is that they publish a pseudo-scientific publication which has acquired an "aura of authentativeness" in the public's mind and, therefore, they owed the reading public the duty to investigate and test inherently dangerous products advertised in their publication. They argue this is particularly true since the sale of fireworks is proscribed in New Jersey by N.J.S.A. 21:3-2. We disagree, and hold that no such legal duty rests upon respondents unless it undertakes to guarantee, warrant or endorse the product. To impose the suggested broad legal duty upon publishers of nationally circulated magazines, newspapers and other publications, would not only be impractical and unrealistic, but *210 would have a staggering adverse effect on the commercial world and our economic system. For the law to permit such exposure to those in the publishing business who in good faith accept paid advertisements for a myriad of products would open the doors "to a liability in an indeterminate amount for an indeterminate time to an indeterminate class." Ultramares Corp. v. Touche, Niven & Co., 255 N.Y. 170, 174 N.E. 441, 444 (Ct. App. 1931). For cases which express this same philosophy, see De Bardeleben Marine Corp. v. United States, 451 F.2d 140, 148 (5 Cir.1971); Hempstead v. General Fire Extinguisher Corp., 269 F. Supp. 109 (D.C. Del. 1967); Hanberry v. Hearst Corp., 276 Cal. App.2d 680, 81 Cal. Rptr. 519 (D. Ct. App. 1969); Mac Kown v. Illinois Publishing & Printing Co., 289 Ill. App. 59, 6 N.E.2d 526 (App. Ct. 1937); Jaillet v. Cashman, 115 Misc. 383, 189 N.Y.S. 743 (Sup. Ct. 1921), aff'd mem. 202 App. Div. 805, 194 N.Y.S. 947 (App. Div. 1922), aff'd mem. 235 N.Y. 511, 139 N.E. 714 (Ct. App. 1923); Prosser, The Law of Torts (4th ed. 1971), § 107 at 707-708.
It is a significant to note that the condemnation of the unlawful practice of unconscionable commercial advertising exempts publishers when they have "no knowledge of the intent, design or purpose of the advertiser." N.J.S.A. 56:8-2.
Affirmed.
NOTES
[1] The advertisement read:

PYROTECHNIC Caseings, stars, devices of all types. send 50¢ for samples. Ecco, Box 189, Northvale, New Jersey 07647
UNDERWATER Fuse 81 feet $1.00. Professional green fuse, 45 feet $1.00. Christie, Box 85, Bergenfield, New Jersey 07621
[2] We understand that the Mudges settled plaintiffs' claim against them for $22,500.