132 N.J. Super. 226 (1975)
333 A.2d 289
CHELL FRANTZEN, PLAINTIFF-APPELLANT,
v.
LESLIE C. HOWARD, BUILDING INSPECTOR AND ZONING OFFICER, BOARD OF ADJUSTMENT OF THE BOROUGH OF CHATHAM, NEW JERSEY, MAYOR AND BOROUGH COUNCIL OF CHATHAM, NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted February 4, 1975.
Decided February 13, 1975.
*227 Before Judges HALPERN, CRAHAY and ACKERMAN.
Mr. Arnold Miller, attorney for appellant.
Mr. Charles W. Foster, attorney for respondents Board of Adjustment and Leslie Howard.
Messrs. Stickel, Frahn & Stochholm, attorneys for respondents Mayor and Borough Council of Chatham.
PER CURIAM.
In this zoning case, wherein plaintiff unsuccessfully sought a "c" variance (N.J.S.A. 40:55-39(c)) to construct a dwelling on an undersized lot, the record reveals that there remains unresolved by the trial court an important issue regarding the constitutionality of a relevant ordinance.
It is manifest on this record that there has been no final judgment by disposition of all the litigated issues between the parties. R. 2:2-3(a). Plaintiff had no right to appeal the adverse portions of the incomplete judgment without leave of this court. R. 2:2-4; Haelig v. Mayor, etc., Bound Brook, 105 N.J. Super. 7 (App. Div. 1969).
In the past we have, on occasion, granted leave to appeal nunc pro tunc where extraordinary circumstances and the interests of justice warranted it. See Kerr v. Kerr, 129 N.J. Super. 291, 293 (App. Div. 1974); Butler v. Buenaga, 107 N.J. Super. 80 (App. Div. 1969). This record, however, does not allow for such an indulgence. We cautioned in Butler that thereafter nunc pro tunc relief would not be idly granted and reminded respondents of their responsibility to the court to timely move to dismiss such "appeals."
Here, we perceive no compelling exigencies in the issues constraining us to turn to them. We say again that the grant of leave to appeal nunc pro tunc is most extraordinary relief and that the haphazard employment of it can have but a deleterious impact on appellate practice and the overall administration of justice. Piecemeal reviews, ordinarily, are *228 anathema to our practice, as expressed in the rules which require the final disposition of all issues at one hearing on the trial level followed by orderly appellate review. The interruption of the litigation at the trial level, by the taking, as here, of an unsanctioned "appeal", disrupts the entire process and is wasteful of judicial resources.
Not dissimilarly, our Supreme Court has strongly disapproved of direct appeals to it where the record bespoke that the proper appellate avenue was by petition for certification. R. 2:2-1; in In re East Windsor Mun. Util. Auth. v. Shapiro, 57 N.J. 168 (1970), cert. den. 401 U.S. 1010, 91 S.Ct. 1256, 28 L.Ed.2d 546 (1971), the appellant sought to appeal as of right from a unanimous opinion of the Appellate Division claiming a substantial constitutional issue. The appeal was dismissed, Justice Schettino concluding:
Defendant's constitutional points are palpably insubstantial. There was no right of appeal. Defendant was required to petition for certification. Had that course been taken, the petition for certification would have been denied because there is no merit in the issues defendant seeks to project. Had plaintiff moved before argument to dismiss the appeal, the motion would have been granted. [57 N.J. at 171]
So here. If appellant sought leave to appeal, it would have been denied  if respondents had moved timely to dismiss the appeal it would have been granted.
We conceive it to be our obligation, on this record, to dismiss the appeal on our own motion.
It is so ordered.