140 N.J. Super. 395 (1976)
356 A.2d 416
LUIS RENDON, PLAINTIFF-RESPONDENT,
v.
CONSTANTINE P. KASSIMIS, BOROUGH OF ENGLEWOOD CLIFFS, DEFENDANTS, AND DAVID M. KURZ, DEFENDANT-APPELLANT. BLANCA FIGUEROA, PLAINTIFF-RESPONDENT,
v.
CONSTANTINE P. KASSIMIS, BOROUGH OF ENGLEWOOD CLIFFS, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Submitted March 9, 1976.
Decided March 29, 1976.
*397 Before Judges MATTHEWS, LORA and MORGAN.
Messrs. Markey, Witham and Amabile, attorneys for appellant David M. Kurz (Mr. Francis P. Witham on the brief).
Messrs. Planer and Kantor, attorneys for respondent Luis Rendon (Mr. Frank J. Planer on the brief).
Mr. John S. Guerin submitted a statement in lieu of brief for respondent Luis Rendon (Mr. Samuel M. Lyon, Jr. attorney).
Mr. Charles A. Becker, Jr. submitted a statement in lieu of brief for defendant Constantine P. Kassimis (Messrs. Vaccaro, Osborne and Curran, attorneys).
Mr. Harold L. Jacobs submitted a statement in lieu of brief for respondent Blanca Figueroa.
PER CURIAM.
Plaintiffs Luis Rendon and Blanca Figueroa, in their respective negligence actions alleged that they were injured due to defendant David Kurz' negligent operation of a police car owned by defendant Borough of Englewood Cliffs and which collided with the Rendon vehicle in which Figueroa was a passenger. Defendant Constantine Kassimis was the driver of another colliding vehicle but is not involved in this appeal. Defendant Borough of Englewood Cliffs moved for and was granted summary judgment against both plaintiffs on the ground that the notice requirement of N.J.S.A. 59:1-1 et seq. had not been satisfied.
*398 Defendant Kurz thereafter moved for partial summary judgment with respect to plaintiffs' claims for pain and suffering, on the basis of N.J.S.A. 59:9-2(d) and the fact that neither plaintiff had alleged medical expenses in excess of $1,000. The trial judge denied the motion for partial summary judgment under the terms of R. 4:42-2, having determined that there was no just reason for delay. Kurz appealed from the order denying his motion for partial summary judgment.
Notwithstanding the trial judge's characterization and treatment of his order as a partial final judgment, the order was in fact interlocutory. Orders denying motions for summary judgment are intrinsically interlocutory, contemplating plenary rather than summary disposition of the matter in issue; a trial judge lacks power to render them final and hence appealable by resort to R. 4:42-2. United Cannery Maintenance v. Local 80-A, 16 N.J. 264 (1954); Petersen v. Falzarano, 6 N.J. 447, 452, 453 (1951); Applestein v. United Board & Carton Corp., 35 N.J. 343, 350, 351 (1961). See also "Interlocutory Appeals," 92 N.J.L.J. 161 (1969) by then Appellate Division Judge (now Justice) Sullivan.
On the other hand, orders granting summary judgment, if dispositive of one of the claims asserted, are not intrinsically interlocutory and are only so viewed when not dispositive of all claims in the case; with respect to such orders, the trial judge may, by resort to R. 4:42-2 direct immediate "entry of final judgment" if he determines that there is no just reason for delay; if he does so, such an order becomes final and thus appealable without leave. Heavner v. Uniroyal Inc., 63 N.J. 130 (1973); Butler v. Bonner & Barnewall, Inc., 56 N.J. 567, 573 (1970); Haelig v. Mayor, etc., of Bound Brook, 105 N.J. Super. 7, 11 (App. Div. 1969). Here the order denied summary judgment and, moreover, concerned only a subsidiary damage issue, leaving open the other questions of damage as well as the liability. The trial judge lacked power to convert *399 this clearly interlocutory order into a final, appealable one simply by directing its immediate entry. Accordingly, leave to appeal should have been sought by defendant Kurz. R. 2:2-4.
While we are, of course, empowered to grant leave to appeal nunc pro tunc from an interlocutory order where, as here, the appeal was taken within the time period required for the taking of appeals from final judgments (R. 2:4-4 (b) (2)), we are of the view that such relief should not be granted in this case because the motion for partial summary judgment was taken prematurely in the face of an inadequate record and the parties on the appeal have raised an issue which was never presented below, i.e., whether the statute bars an award for disability as distinguished from pain and suffering. Incidentally, we note, and counsel are referred to our holding in Peterson v. Edison Tp. Bd. of Ed., 137 N.J. Super. 566 (App. Div. 1975) decided after the briefs were filed herein.
The appeal is dismissed and the matter remanded to the Law Division for trial and disposition therein. Frantzen v. Howard, 132 N.J. Super. 226 (App. Div. 1975).