147 N.J. Super. 156 (1977)
370 A.2d 895
NEUBERNE H. BROWN, JR., PLAINTIFF-APPELLANT,
v.
RUTH GILMAN BROWN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 1, 1977.
Decided February 11, 1977.
Before Judges HALPERN, ALLCORN and BOTTER.
Mr. Morris Brown argued the cause for appellant (Messrs. Wilentz, Goldman & Spitzer, attorneys).
Mr. Michael R. Leckstein argued the cause for respondent (Messrs. Zager, Fuchs, Leckstein & Kauff, attorneys).
PER CURIAM.
Appellant Neuberne H. Brown, Jr. took a direct appeal from so much of the judgment entered on May 5, 1976 as allowed counsel fees to respondent, Ruth Gilman Brown.
*157 In this matrimonial action the trial judge bifurcated the trial and decided the issues of custody and divorce. The issues of support and equitable distribution are still awaiting trial. The counsel fees here in dispute were for services rendered up to May 5, 1976.
This is an oft-repeated example of a litigant taking a direct appeal without seeking leave to appeal as required by R. 2:5-6(a). On innumerable occasions in the past, we have overlooked counsel's violation of this rule, granted leave to appeal on our own motion and decided the merits because both sides had briefed the issues involved. We have done so despite our repeated admonitions to counsel for appellant that he must seek leave to appeal, and our warning to counsel for respondent that it is his responsibility to file a timely motion to dismiss the appeal. See Butler v. Buenaga, 107 N.J. Super. 80, 82-83 (App. Div. 1969), mod. on other grounds sub nom. Butler v. Bonner & Barnewall, Inc., 56 N.J. 567 (1970).
The rule expresses the Supreme Court's strong policy decision against piecemeal reviews and delaying or impeding a lawsuit by interlocutory appeals absent a finding of good cause by us that leave to appeal be granted. The rule promotes calendar control at the trial level, judicial conservation of time at the appellate level and speeds up the ultimate disposition of the litigation. See Haelig v. Bound Brook Mayor and Council, 105 N.J. Super. 7, 11 (App. Div. 1969).
If the already overburdened appellate courts are to meaningfully perform their judicial function, the type of loose appellate practice involved herein must be stopped. Under the circumstances, the appeal is dismissed without prejudice and the matter remanded for trial on the remaining issues. We note however that pursuant to stipulation respondent's counsel has been paid $15,000 on account of counsel fees awarded by the court, plus certain costs. Therefore, pending final disposition, respondent is hereby stayed from proceeding against appellant for counsel fees and disbursements remaining unpaid under the judgment of May 5, 1976.