150 N.J. Super. 151 (1977)
375 A.2d 269
JULIETTE RYBECK, INDIVIDUALLY AND AS GUARDIAN AD LITEM OF "JOHN RYBECK" (SAID FIRST NAME BEING FICTITIOUS, AN UNBORN INFANT), PLAINTIFF-APPELLANT,
v.
RICHARD R. RYBECK AND JONATHAN R. EVANS, DEFENDANTS-RESPONDENTS. RICHARD R. RYBECK AND JULIETTE RYBECK, PLAINTIFFS-APPELLANTS,
v.
AMICA MUTUAL INSURANCE COMPANY, DEFENDANT-RESPONDENT, WILLIAM F. HYLAND, ATTORNEY GENERAL OF NEW JERSEY, INTERVENOR-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 25, 1977.
Decided May 11, 1977.
*152 Before Judges CARTON, KOLE and LARNER.
*153 Mr. Gerald M. Zashin argued the cause for appellants (Mr. Gerald M. Zashin on the brief).
Mr. James D. Martin argued the cause for respondent, Amica Mutual Insurance Company (Messrs. Lynch, Mannion, Lutz & Lewandowski, attorneys; Mr. James D. Martin on the brief).
Ms. Maureen McGrath argued the cause for the intervenor-respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney; Ms. Erminie L. Conley, Deputy Attorney General, of counsel, Ms. Maureen McGrath, Deputy Attorney General, on the brief).
PER CURIAM.
This matter began as an automobile negligence action by Juliette Rybeck, a passenger in her husband Richard's car. She sought damages for injuries resulting from an automobile accident against her husband and defendant Jonathan Evans. Her husband, through his insurance carrier, Amica Mutual Insurance Company (Amica), filed an answer denying liability and seeking contribution from Evans. Evans filed an answer raising, among other things, the defenses of comparative negligence and the applicability of the New Jersey Automobile Reparation Reform Act (No-Fault Act), N.J.S.A. 39:6A-1 et seq. Subsequently, Mr. and Mrs. Rybeck, represented by Mrs. Rybeck's attorney in the negligence action, instituted a declaratory judgment proceeding against Amica alleging that Amica had violated its insurance contract by ceasing to make income continuation payments under the No-Fault Act provisions of Mr. Rybeck's insurance policy. The thrust of this action was to have the No-Fault Act declared unconstitutional.
Both actions were consolidated. Thereafter, the Rybecks moved, in the declaratory judgment proceeding, for summary *154 judgment on the ground that No-Fault Law, as well as R. 1:8-2(b) (providing for juries of six),[1] was unconstitutional. In connection with the motion Mrs. Rybeck filed an affidavit stating that as a result of the accident she had suffered permanent injuries, including "fractures, scarring, and a permanent lengthening of the leg, causing" her to limp; that Amica wrongfully had terminated her income continuation benefits and that the Rybecks had basic medical insurance with another insurance company which could have paid the medical bills. The Rybecks' attorney also filed an affidavit, to which were attached data that he claimed justified the conclusion that the purposes of the No-Fault Act were not being achieved and supported his contention that it was unconstitutional.
The trial judge denied the Rybecks' motion for summary judgment in an opinion, decided April 30, 1976 and reported at 141 N.J. Super. 481 (Law Div. 1976). On May 10, 1976 a notice of appeal was filed from the order denying the motion. The Attorney General intervened on this appeal pursuant to a motion granted by us.
Thereafter, in June 1976, the negligence action was severed from the declaratory judgment suit so that it could proceed to trial pending this appeal.
In December 1976 the negligence action against Mr. Rybeck and Evans was settled for $45,000. It was not until the time for argument of the appeal that we became aware of the settlement. At our request we have been furnished with a copy of the release executed by Mrs. Rybeck (and Mr. Rybeck) pursuant to that settlement. The release covers all liability of Richard Rybeck and Jonathan Evans to Juliette Rybeck arising out of the accident, excepting there *155 from only Amica's continuing responsibility to Mrs. Rybeck for future medical expenses under the No-Fault Act.[2]
Denial of a summary judgment is not appealable as of right. But since on its face this appeal appears to involve solely legal issues of public importance, we could grant leave to appeal nunc pro tunc. R. 2:4-4(b) (2). Nevertheless, for the reasons set forth below, we decline to do so and dismiss the appeal.
Many of the challenges originally leveled by the Rybecks against the No-Fault Act involved provisions which in nowise affected the rights of either of them even before the settlement of the negligence action. That settlement has completely dissipated their standing to attack the constitutionality of that act, either partially or in its entirety. Presumably, by the settlement Mrs. Rybeck has received all of the benefits to which she would have been entitled in the negligence action, including the claimed loss of income, the termination of which initially appears to have given rise to the declaratory judgment action. The release covers the total liability of the defendants, including that of her husband's carrier, Amica, for No-Fault Act benefits, since it expressly excludes only one No-Fault Act benefit  Amica's continuing responsibility to pay Mrs. Rybeck future medical expenses.
The No-Fault Act, adopted in 1972, is important legislation adopted to meet a pressing public problem relating to automobile accidents and the results thereof, including reasonable insurance protection to persons injured therein. The constitutionality of the various provisions of this legislation should be tested in a concrete factual setting.
By reason of the events that transpired after the appeal was filed, the case in its present posture is not the *156 proper vehicle for a determination by us of the significant issues raised by plaintiffs' broad-based attack against the constitutionality of the statute. No truly justiciable controversy is before us; the issues raised are strictly hypothetical in nature. Mrs. Rybeck, as well as her husband, are now strangers to the merits of the matter we are requested to decide. Such important questions, particularly of constitutional dimensions, should not be dealt with in the abstract without a factual framework, absent here, that makes judicial intervention appropriate. N.J. Sports & Exposition Auth. v. McCrane, 61 N.J. 1, 27-28, 30-31 (1972), app. dism. 409 U.S. 943, 93 S.Ct. 270, 34 L.Ed.2d 215 (1972), app. after remand 62 N.J. 248 (1973), cert. den. 414 U.S. 989, 94 S.Ct. 291, 38 L.Ed.2d 228 (1973), and the cases cited therein. A determination such as that sought in this case should not be made where the litigant's concern with the subject matter does not evidence "a sufficient stake and a real adverseness" and the opinion will be merely advisory in nature. Crescent Pk. Tenants Ass'n v. Realty Eq. Corp. of N.Y., 58 N.J. 98, 107 (1971). See also, Sente v. Clifton Mayor and Council, 66 N.J. 204, 205 (1974); Donadio v. Cunningham, 58 N.J. 309, 325-326 (1971); DeRose v. Byrne, 139 N.J. Super. 132, 134 (App. Div. 1976). Cf. Montgomery v. Daniels, 38 N.Y.2d 41, 378 N.Y.S.2d 1, 340 N.E.2d 444, 446-447 (Ct. App. 1975); Gentile v. Altermatt, 169 Conn. 267, 363 A.2d 1, 8-9 (Sup. Ct. 1975), app. dism. 423 U.S. 1041, 96 S.Ct. 763, 46 L.Ed.2d 631 (1976); Pinnick v. Cleary, 360 Mass. 1, 271 N.E.2d 592, 595 (Sup. Jud. Ct. 1971). Contrast State v. Isaac Allen, Gannett Company, Inc., etc., 73 N.J. 132 (1977).
The appeal is dismissed. No costs.
NOTES
[1] The attack on R. 1:8-2(b) is moot by reason of L. 1975, c. 270, § 1 (N.J.S.A. 2A:74-1), enacted pursuant to the amendment to N.J. Const. (1947), Art. 1, § 9, effective December 4, 1973.
[2] The release provides: "This Release specifically does not release the continuing obligation of the Amica Mutual Insurance Company of its responsibilities under the No Fault law for its continuing future medical obligation to the plaintiff, Juliette Rybeck."