164 N.J. Super. 506 (1978)
397 A.2d 356
ESSIE DELBRIDGE, PLAINTIFF-APPELLANT,
v.
JANN HOLDING COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, AND JAMES NICHOLSON, DEFENDANTS AND THIRD-PARTY PLAINTIFFS-RESPONDENTS, ADOLPH DELBRIDGE, THIRD-PARTY DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued December 12, 1978.
Decided December 26, 1978.
*508 Before Judges LORA, MICHELS and LARNER.
Mr. Gregory G. Diebold argued the cause for appellant (Mr. Timothy K. Madden, Director, Hudson County Legal Services, attorney).
Mr. Robert C. Diorio argued the cause for respondents (Messrs. Beninato, Diorio & Grimaldi, attorneys).
The opinion of the court was delivered by MICHELS, J.A.D.
This appeal arises out of the alleged breach by defendant Jann Holding Company of an oral agreement to lease to plaintiff Essie Delbridge an apartment on a month-to-month basis. The trial judge held that in the absence of some unusual circumstance or unique situation a lease or a leasehold interest in real property was not subject to specific performance, and that plaintiff had an adequate *509 remedy at law. The judge thereupon dismissed plaintiff's claim for specific performance and transferred the action from the Chancery Division to the Law Division. Plaintiff appealed from the order subsequently entered by the Law Division dismissing the claim for equitable relief, contending that the trial judge erred (1) in holding that the lease was not subject to specific performance, and (2) in determining, on the basis of the pleadings, that damages would compensate her adequately for the injuries she allegedly sustained.
It is manifest on this record that the order appealed from was not a final judgment.[1] The order was not final as to all issues and as to all parties since there still remain for determination by the trial court issues relating to (1) plaintiff's claims for compensatory and punitive damages allegedly sustained as a result of defendants' breach of the oral lease; (2) plaintiff's claim to possession of the apartment as well as compensatory and punitive damages allegedly sustained by her wrongful eviction, and (3) defendants' dispossess action against plaintiff's son, third-party defendant Adolph Delbridge. See Hudson v. Hudson, 36 N.J. 549, 552-553 (1962); Petersen v. Falzarano, 6 N.J. 447, 453 (1951); Frantzen v. Howard, 132 N.J. Super. 226, 227 (App. Div. 1975); Kerr v. Kerr, 129 N.J. Super. 291, 293 (App. Div. 1974); Florio v. Galankis, 107 N.J. Super. 1, 4-5 (App. Div. 1969). Clearly, the order was interlocutory and therefore not appealable as of right pursuant to R. 2:2-3(a). Application should have been made to this court to appeal from this order. See R. 2:5-6; R. 2:2-3(b); R. 2:2-4.
While we recognize that we have the power to grant leave to appeal nunc pro tunc from an interlocutory order *510 where there are extraordinary circumstances and the interests of justice so warrant, R. 2:2-3(b); R. 2:4-4(b)(2); Butler v. Bonner & Barnewall, Inc., 56 N.J. 567, 573 n. 2 (1970); N.J. Land Title Ins. Rating Bur. v. Sheeran, 151 N.J. Super. 45, 50 n. 2 (App. Div. 1977); Rybeck v. Rybeck, 150 N.J. Super. 151, 155 (App. Div. 1977), certif. den. 75 N.J. 30 (1977); Yuhas v. Mudge, 129 N.J. Super. 207, 209 (App. Div. 1974); Kerr v. Kerr, supra, we are satisfied from our study of this record that we should not do so here. This case is not extraordinary within the purview of R. 2: 2-3(b), and neither the interests of justice nor the prompt disposition of the matter can be furthered by granting plaintiff leave to appeal at this time. See Rendon v. Kassimis, 140 N.J. Super. 395, 399 (App. Div. 1976); Frantzen v. Howard, supra.
Moreover, even though the trial judge, ostensibly acting pursuant to R. 4:42-2, may have intended that the order be considered final, thereby making the action immediately appealable as of right, his action is not binding upon us. See Heavner v. Uniroyal, Inc., 63 N.J. 130, 133 n. 2 (1973); Butler v. Bonner & Barnewall, Inc., supra; Rendon v. Kassimis, supra 140 N.J. Super. at 398. In our view the trial judge's action constituted a misapplication of the rule, which was not intended to permit trial judges to control appellate calendars by granting, in effect, a motion for leave to appeal. Rather, the rule was intended to apply only to the granting of relief as to an affirmative separable claim. In this regard, we hold to the view that a claim is not separable unless it is distinct and separate from other claims in the action and arises from a different occurrence or transaction. Rendon v. Kassimis, supra 140 N.J. Super. at 398-399. See also, Haelig v. Bound Brook Mayor & Council, 105 N.J. Super. 7, 11-13 (App. Div. 1969); Pressler, Current New Jersey Court Rules, Comment R. 4:42-2.
Here, it is apparent that the claim for equitable relief is not distinct and separate from the other claims raised in the action and does not arise out of a different occurrence *511 or transaction. On the contrary, the first count of the complaint seeking specific performance and both compensatory and puntive damages is grounded upon a single cause of action  the alleged breach of an oral lease. The second count of the complaint seeking possession of the apartment and punitive and compensatory damages is predicated simply on an alternative theory of liability based on the same factual allegations. Essentially, we are dealing with a single claim seeking both equitable relief and monetary damages on the basis of alternative theories. The trial court's ruling with respect to the equitable relief sought did not completely dispose of all of the issues raised by the complaint. Therefore, "[t]he trial judge lacked power to convert this clearly interlocutory order into a final, appealable one simply by directing its immediate entry." Rendon v. Kassimis, supra. Accordingly, the appeal is dismissed without prejudice to plaintiff to file a notice of appeal within time after the entry of final judgment disposing of all issues as to all parties.
Appeal dismissed.
NOTES
[1] We deem it appropriate to emphasize that where an appeal has been improvidently filed, respondent has a responsibility to the court to file a timely motion to dismiss the appeal. Brown v. Brown, 147 N.J. Super. 156, 157 (App. Div. 1977).