667 A.2d 353

VICTOR GRECO AND JOANN GRECO, PLAINTIFFS–
RESPONDENTS, v. ANNETTE ZECCHINO,
DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 11, 1995—Decided November 13, 1995.

Before Judges MICHELS, VILLANUEVA and KIMMELMAN.

*Christopher A. Ferrara* argued the cause for appellant.

*Pasquale F. Giannetta* argued the cause for respondent (*Fuhro & Hanley,* attorneys; *Mr. Giannetta,* of counsel and on the letter brief).

The opinion of the court was delivered by

MICHELS, P.J.A.D.

Defendant Annette Zecchino appeals from a post-judgment order of the Law Division that granted the motion of plaintiffs Victor Greco and Joann Greco for a new trial on the ground that the verdict for defendant was against the weight of the evidence in this action arising out of a breach of contract to purchase a one-half interest in a two-family beach house in Ortley Beach, New Jersey.

Plaintiffs entered into a contract with defendant to purchase a one-half interest in the latter's beach house for $165,000. Plaintiffs paid defendant $65,000 as a downpayment and agreed to pay the balance in monthly payments of $1300.55. Plaintiffs paid a total of approximately $30,365 in monthly payments thereafter. However, title to the property never closed and defendant never tendered to plaintiffs a deed for their half interest in the property. When plaintiffs failed to make the required monthly payments, defendant locked them out of the property and notified them that they had no interest in the property.

Plaintiffs instituted this action to recover the down payment and monthly payments made to defendant, claiming that defendant breached the contract. Defendant denied that she was liable to plaintiffs and counterclaimed for the balance due under the con-

tract, contending that plaintiffs were liable for breach. Following trial, the jury, by a five to one vote, awarded defendant damages of $43,001 on her counterclaim against plaintiffs. Plaintiffs' motion for a new trial on the ground that the verdict was contrary to the weight of the evidence was granted. In granting the motion, Judge Yanoff in the Law Division reasoned:

> I am simply not going to let this verdict stand.... I will not do it. I think it was a gross injustice. I think what happened here was these people entered into a contract for the purchase o[f] property, and I don't care whether they were telling the truth or not telling the truth, the gross facts, independent of any testimony that they gave, speak—are absolutely convincing. They entered into this contract. They made payments on account. They never got title. And then, the damages were assessed, and apparently—and I've checked the law on that, as of the date of a breach which was declared by the seller of the property. Even though the property was not sold.
>
> So, where we stand now, is that the—is that the seller of the property has gotten payments on account of the property and still has the property and there is an affirmative judgment against the buyers for damages.
>
> \*   \*   \*   \*   \*   \*   \*   \*
>
> I think that result is absolutely inequitable and I'm not going to let it stand.

Defendant appealed.

Defendant seeks a reversal of the order granting a new trial and the reinstatement of the judgment based on the jury's verdict. She contends that (1) the jury verdict must stand because "the trial judge had no grounds on which to find that the verdict was so distorted and wrong as to manifest with utmost certainty a miscarriage of justice" and (2) "[e]ven if the jury's damage award were a miscarriage of justice, a *remittitur* leaving the liability verdict intact would have been the appropriate remedy."

■ It is perfectly plain on this record that the order appealed from was not a final judgment. The order was not final as to all issues and as to all parties since the trial court set aside the jury verdict and the judgment entered thereon and ordered a new trial on all issues. *See Hudson v. Hudson*, 36 *N.J.* 549, 552–553, 178 *A.*2d 202 (1962); *Petersen v. Falzarano*, 6 *N.J.* 447, 452–53, 79 *A.*2d 50 (1951); *Henderson v. Morristown Memorial Hospital*, 198 *N.J.Super.* 418, 426–27, 487 *A.*2d 742 (App.Div.), *certif. denied*, 101

N.J. 250, 501 A.2d 922 (1985); *Delbridge v. Jann Holding Company*, 164 *N.J.Super.* 506, 509, 397 A.2d 356 (App.Div.1978); *Yuhas v. Mudge*, 129 *N.J.Super.* 207, 209, 322 A.2d 824 (App.Div.1974); *Frantzen v. Howard*, 132 *N.J.Super.* 226, 227, 333 A.2d 289 (App.Div.1975); *Kerr v. Kerr*, 129 *N.J.Super.* 291, 293, 323 A.2d 518 (App.Div.1974); *Florio v. Galanakis*, 107 *N.J.Super.* 1, 4–5, 256 A.2d 497 (App.Div.1969). Clearly, the order was interlocutory and, therefore, not appealable as of right pursuant to *R.* 2:2–3(a). Application should have been made to this court to appeal from this order. *See R.* 2:5–6; *R.* 2:2–3(b); *R.* 2:2–4. Since defendant did not seek leave to appeal and improvidently filed the appeal, plaintiffs had the responsibility to the court to file a timely motion to dismiss the appeal. *Delbridge v. Jann Holding Company, supra,* 164 *N.J.Super.* at 509 n. 1, 397 A.2d 356; *Brown v. Brown,* 147 *N.J.Super.* 156, 157, 370 A.2d 895 (App.Div.1977).

While we recognize that we have the power to grant leave to appeal *nunc pro tunc* from an interlocutory order where there are extraordinary circumstances and the interest of justice so warrants, *See R.* 2:2–3(b); *R.* 2:4–4(b)(2). *See also Butler v. Bonner & Barnewall, Inc.,* 56 *N.J.* 567, 573 n. 2, 267 A.2d 527 (1970); *Delbridge v. Jann Holding Company, supra,* 164 *N.J.Super.* at 509–10, 397 A.2d 356; *N.J. Land Title Ins. Rating Bur. v. Sheeran,* 151 *N.J.Super.* 45, 50 n. 2, 376 A.2d 550 (App.Div.1977); *Rybeck v. Rybeck,* 150 *N.J.Super.* 151, 155, 375 A.2d 269 (App. Div.), *certif. denied,* 75 *N.J.* 30, 379 A.2d 261 (1977); *Yuhas v. Mudge, supra; Kerr v. Kerr, supra,* we are satisfied from our study of this record that we should not do so here. This case is not extraordinary within the purview of *R.* 2:2–3(b) and neither the interest of justice nor the prompt disposition of the matter can be furthered by granting defendant leave to appeal at this time. *See Delbridge v. Jann Holding Company, supra; Rendon v. Kassimis,* 140 *N.J.Super.* 395, 399, 356 A.2d 416 (App.Div.1976); *Frantzen v. Howard, supra.*

Accordingly, the appeal in the above entitled matter is dismissed without prejudice.