139 N.J. Super. 132 (1976)
353 A.2d 100
RALPH C. DE ROSE, INDIVIDUALLY AND AS COMMISSIONER OF THE WATERFRONT COMMISSION OF NEW YORK HARBOR, PLAINTIFF-RESPONDENT,
v.
BRENDAN T. BYRNE, GOVERNOR, STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted January 21, 1976.
Decided February 3, 1976.
*133 Before Judges FRITZ, SEIDMAN and MILMED.
Mr. William F. Hyland, Attorney General of New Jersey, attorney for appellant (Messrs. Robert J. Del Tufo, First Assistant Attorney General; David S. Baime, Chief, Appellate Section; John DeCicco, First Assistant, Appellate Section; and Peter N. Gilbreth, Deputy Attorney General, of counsel and on the brief).
Mr. William O. Barnes, Jr., attorney for respondent.
PER CURIAM.
The salient facts and the legal issues involved appear in the opinion below, 135 N.J. Super. 273 (Ch. Div. 1975). We are advised that since that judgment from which this appeal is taken, Governor Byrne has withdrawn his objection to the salary of Commissioner DeRose and that he has waived application of Executive Order No. 21 to the Commissioner insofar as it would apply to his current term. Following these developments the parties waived oral argument of the appeal. In the circumstances it appears that the executive action no longer has any impact upon the Commissioner and that there is no longer a justiciable controversy *134 between the plaintiff Commissioner and defendant Governor.
While it is clear that we may determine a moot appeal when the public interest in the issue presented is so great as to make a resolution of it desirable, Busik v. Levine, 63 N.J. 351, 364 (1973), app. dism. 414 U.S. 1106, 94 S.Ct. 831, 38 L.Ed.2d 733 (1973), we are satisfied that we should not do so in connection with the questions here presented. The legal issues were joined on the basis of a particular factual pattern, possibly unique to Commissioner DeRose.[1] The issues of salary and the executive order, are moot. The issue of the applicability of the conflicts of interest statute, N.J.S.A. 52:13D, appears without the information and assistance of administrative agency findings,[2] and without the circumscribing precision of a presently justiciable controversy. In such a case we should not and do not undertake to decide, by that which constitutes an advisory opinion more than anything else, the far-reaching issues and important policy questions inherent in the litigation. Oxfeld v. New Jersey State Bd. of Ed., 68 N.J. 301 (1975); Sente v. Clifton Mayor and Coun., 66 N.J. 204 (1974).
Obviously we neither approve nor disapprove any expressions of the opinion below. The judgment below is vacated and the appeal is dismissed. No costs.
NOTES
[1] For instance, as Judge Kimmelman found below:

De Rose accepted the appointment with the understanding that the position would continue as a part-time post and that he would be able to continue in the active practice of law. The Governor acknowledges such understanding with De Rose, made during discussions with him prior to his appointment. [135 N.J. Super. at 277]
[2] We neither imply the necessity for prior administrative procedure nor suggest that it is not necessary. We merely set forth one of the several reasons that motivate us to decline consideration of an essentially moot controversy.