GUTTENBERG SAVINGS AND LOAN ASSOCIATION, A CORPORATION OF NEW JERSEY, PLAINTIFF, v. EMILIO RIVERA, SINGLE, HIS HEIRS, DEVISEES AND PERSONAL REPRESENTATIVES, AND HIS, THEIR, OR ANY OF THEIR SUCCESSORS IN RIGHT, TITLE AND INTEREST; MRS. EMILIO RIVERA, WIFE OF EMILIO RIVERA; PARK AVENUE ASSOCIATES, A PARTNERSHIP; VICTOR VILLARI, HIS HEIRS, DEVISEES AND PERSONAL REPRESENTATIVES, AND HIS, THEIR OR ANY OF THEIR SUCCESSORS IN RIGHT, TITLE AND INTEREST; NEWS PRINTING CO., INC., A CORP.; JOSEPH DANIEL FERRARO, INDIVIDUALLY AND AS PARENT AND GUARDIAN OF PHILIP FERRARO; STATE OF NEW JERSEY; JOHN M. SCIROCCO AND DIANE F. SCIROCCO, HIS WIFE; FRANK L. ANNESE AND JENNIE L. ANNESE, HIS WIFE; NORMA RIVERA; OLGA MUJER; GOEN RODRIGUEZ; ELIZABETH KALISAK AND RICHARD DRESSLER, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided January 9, 1979.

*Mr. Sanford J. Becker* for plaintiff (*Messrs. Zucker, Goldberg & Weiss,* attorneys).

*Mr. Jorge Aviles,* legal intern, for defendants Norma Rivera, Olga Mujer, Goen Rodriguez, Elizabeth Kalisak and Richard Dressler (*Mr. Timothy K. Madden,* Director Hudson County Legal Services, attorney; *Mr. Gregory G. Diebold,* of counsel).

KENTZ, J. S. C. This matter comes before the court on a motion by certain of the defendants for an order dismissing the complaint for failure to state a claim upon which relief can be granted, pursuant to *R.* 4:6–2(e).

Defendants in this mortgage foreclosure action include the original mortgagors and their assignees, several junior mortgagees, potential judgment creditors and tenants of the mortgaged premises. The first count of the complaint demands a judgment foreclosing the mortgage held by plaintiff and the second count demands a judgment of possession against all the defendants.

The tenants' motion to dismiss is based on their contention that *N. J. S. A.* 2A:18–61.1 bars the tenants' removal since none of the causes for removal set forth in that statute is present here. Plaintiff maintains that the statute is inapplicable because no landlord-tenant relationship exists between plaintiff and the tenants since there has been no attornment by the tenants to plaintiff. See 30 *N. J. Practice (Cunningham & Tischler, Law of Mortgages),* § 373 at 328 (1975).

Because the statute in question is in derogation of a landlord's common law rights of ownership, it must be strictly construed. *Floral Park Tenants Ass'n v. Project*

*Holding, Inc.,* 152 *N. J. Super.* 582, 591 (Ch. Div. 1977). In so construing this statute I can find nothing to indicate that it was intended to affect a mortgagee's right to take possession upon default by the mortgagor.[1]

*N. J. S. A.* 2A:18–53, as amended and supplemented by *N. J. S. A.* 2A:18–61.1,[2] governs summary actions in the county district court for possession of property. Although *N. J. S. A.* 2A:18–61.1 states that it governs actions both in the county district court and in the Superior Court, it appears that the reference to the Superior Court is intended to apply to dispossess actions initiated in the county district court and removed to Superior Court pursuant to *N. J. S. A.* 2A:18–60. The movants have not produced any authority establishing that this statute was intended to, or does in fact apply to actions other than summary dispossess actions. Absent such authority, this court is unwilling to expand the applicability of *N. J. S. A.* 2A:18–61.1 to cases beyond the Legislature's apparent contemplation.

In *Bradley v. Rapp,* 132 *N. J. Super.* 429, 433 (App. Div. 1975), the court stated that "[i]n * * * review of [*N. J.*

---

[1]This right of the mortgagee has long been recognized by the courts of this State, see, *e. g., Dorman v. Fisher,* 31 *N. J.* 13, 14 (1959); *Price v. Smith,* 2 *N. J. Eq.* 516, 520 (Ch. 1838); 30 *N. J. Practice (Cunningham and Tischler, Law of Mortgages),* § 191 at 22–23, n.5 (1975), adding that "[t]hese cases presuppose that the mortgage was made prior to the start of the lease or tenancy." There is no evidence in the record, nor was it argued, that the tenants' interests are not subordinate to plaintiff's. In any event, such a factor would appear to be an affirmative defense to be pleaded in the tenants' answering, rather than the basis for a motion under *R.* 4:6–2(e), see *id.* § 229 at 100–101; *R.* 4:5–4.

[2]*N. J. S. A.* 2A:18–61.1, the so-called "For Cause Eviction" statute, was enacted as *L.* 1974, *c.* 49, and amended by *L.* 1975, *c.* 311. Its purpose was to "limit the eviction of tenants by landlords to reasonable grounds" — Statement attached to *L.* 1974, *c.* 49, quoted in *Stamboulos v. McKee,* 134 *N. J. Super.* 567, 572 (App. Div. 1975), and in *Floral Park Tenants Ass'n, supra,* 152 *N. J. Super.* at 591, n.3.

S. A. 2A:18–61.1], we are compelled to give primary regard to the fundamental purpose for which it was enacted." The court further stated (at 434) that "we should reach the result probably intended by the draftsman had he anticipated the situation at hand." There being no indication whatsoever that the draftsman intended to interfere with a mortgagee's right to possession, it appears that the required strict construction of the statute compels the conclusion that it does not apply to the case at hand.

Accordingly, the tenants' motion to dismiss for failure to state a claim must be denied.