GUTTENBERG SAVINGS AND LOAN ASSOCIATION,
PLAINTIFF-RESPONDENT, v. EMILIO RIVERA ET
AL., DEFENDANTS-APPELLANTS.

Superior Court of New Jersey
Appellate Division

Argued November 7, 1979—Decided December 11, 1979.

Before Judges CRANE, KOLE and KING.

*Gregory G. Diebold* argued the cause for appellants (*Timothy K. Madden,* Director, Hudson County Legal Services, Corp., attorney).

*Sanford J. Becker,* argued the cause for respondents (*Zucker, Goldberg & Weiss,* attorneys).

The opinion of the court was delivered by

KING, J. A. D.

The substantive question on this appeal is whether a foreclosing mortgagee, of a residential apartment building may obtain an order of the Superior Court, Chancery Division, evicting residential tenants in possession under existing leases with the mortgagor without establishing good cause for removal as required under *N.J.S.A.* 2A:18–61.1; *L.* 1974, *c.* 49 § 2, frequently called the Anti-Eviction Act or For-Cause Eviction Act. The Chancery Division held that the tenants could be removed despite an absence of statutory cause. 165 *N.J.Super.* 201 (1979). We disagree and reverse.

Plaintiff held a first mortgage, which secured a debt of about $30,000, on an eight-unit apartment building located at 510 Palisade Avenue in Jersey City. On July 21, 1978 plaintiff filed a complaint in foreclosure alleging default in payments. In addition to the owners, month-to-month tenants Rivera, Mujer, Rodriquez, Kalisak and Dressler were joined as defendants. Plaintiff demanded possession of the premises.

On November 27, 1978 the five tenants moved to dismiss the complaint for failure to state a cause of action against them. In

an opinion dated January 9, 1979 the Chancery Division judge denied defendants' motion, holding that *N.J.S.A.* 2A:18–61.1 applied only to summary dispossession proceedings initiated in the county district court and not to foreclosure proceedings. 165 *N.J.Super.* at 203.

On January 18, 1979 plaintiff moved for an order striking the answer filed by the tenants, for entry of default and for leave to proceed as if the foreclosure were uncontested. The tenants cross-moved for summary judgment and alternatively for a stay of the execution of any writ of possession pending appeal. In support of this application the four tenants filed affidavits stating that they no longer resided at 510 Palisade Avenue, Jersey City, because of an order by the Director of Property Conservation of Jersey City that the apartment building be vacated as uninhabitable. These tenants all expressed a desire to return to the apartment building if it were rehabilitated. The tenants also related the difficulty that people of low and moderate income with sizable families have finding decent urban housing.

At a hearing on February 9, 1979 the tenants' counsel represented that the mortgagor's abandonment of the premises following default caused a state of disrepair resulting in the municipal order to vacate the premises. The Chancery Division judge then entered an order for summary judgment in plaintiff's favor and denied the application for a stay because the tenants had vacated the premises. The motion for a stay of the warrant for possession was withdrawn without prejudice. Final judgment of foreclosure was entered on March 30 and plaintiff was awarded possession.

On April 16 the tenants filed this appeal. In order to protect their rights pending appeal they filed a notice of *lis pendens.* They also applied for a stay of the execution sale. This stay was denied, but on July 10 the Chancery Division judge ordered a stay of the judgment awarding possession of the premises to plaintiff against the tenants, pending determination of this appeal. The court further ordered that "plaintiff inform any

and all prospective purchasers of said property of the pendency of this appeal and of defendants' asserted right of possession in said property."

In anticipation of the claim of the mootness of this appeal, suggested by the vacation of the premises by the tenants pursuant to the municipal order, their counsel moved to supplement the record. We now grant that application. The proffer contains the notice of *lis pendens* of the appeal and the affidavits of tenants Rodriquez and Rivera stating that they still desire to move back into 510 Palisade Avenue "once the building is repaired," which repairs they contend are occurring. These tenants again recite the severe scarcity of suitable housing for their large families.

We conclude that these tenants' continuing desire to move back into the premises sufficiently quickens the controversy to avoid the claim of mootness. We were told at oral argument that the execution sale resulted in a purchase by a third person uninvolved in this litigation. We therefore cannot decide here what right, if any, appellants-tenants might have to reoccupy the premises after rehabilitation, against the rights of a present owner or new tenants. We only hold that appellants-tenants' continued assertion of their right to regain possession gives vitality to this appeal. Their stake in the outcome of this litigation is sufficient to confer justiciability. *See Brundage v. New Jersey Zinc Co.*, 48 *N.J.* 450, 463–465 (1967); *cf. De Rose v. Byrne*, 139 *N.J.Super.* 132 (App.Div.1976).

We proceed to discuss the primary issue of whether *N.J.S.A.* 2A:18–61.1 protects residential tenants from dispossession by foreclosing mortgagees. The statute, in pertinent part, states that "[n]o lessee or tenant . . . may be removed by the county district court or the Superior Court from any house, building, . . . or tenement leased for residential purposes, . . . except upon establishment of one of the following grounds as good cause: . . . ." The statute's 13 subsections then enumerate the reasons for which a residential tenant may be removed. Foreclosure by a mortgagee is not one of the reasons.

The Chancery Division judge concluded that *N.J.S.A.* 2A:18–61.1 applied only to summary dispossess actions initiated in the county district court. He concluded that the statutory reference to the Superior Court related only to dispossess actions removed to that court from the county district court pursuant to *N.J.S.A.* 2A:18–60. Applying the maxim that statutes in derogation of the common law must be strictly construed, the Chancery Division judge ruled that the tenants had no right to remain in possession upon foreclosure.

The purpose of the Anti-Eviction or For-Cause Eviction Act was described by this court in *Stamboulous v. McKee*, 134 *N.J.Super.* 567 (App.Div.1975) as follows:

> The express purpose of the new statute here involved was stated by the Legislature as follows:
>
>> At present, there are no limitations imposed by statute upon the reasons a landlord may utilize to evict a tenant. As a result, residential tenants frequently have been unfairly and arbitrarily ousted from housing quarters in which they have been comfortable and where they have not caused any problems. This is a serious matter, particularly now that there is a critical shortage of rental housing space in New Jersey. This act shall limit the eviction of tenants by landlords to reasonable grounds and provide that suitable notice shall be given to tenants where an action for eviction is instituted by the landlord. [Statement attached to *L.* 1974, *c.* 49].
>
> The statute was adopted in response to a legislative recognition of a problem facing tenants at a time when a critical housing shortage exists. Courts have also recognized the current rental housing shortage. See, *e. g., Inganamort v. Fort Lee*, 62 *N.J.* 521 (1973); *Marini v. Ireland*, 56 *N.J.* 130 (1970); *Samuelson v. Quinones*, 119 *N.J.Super.* 338 (App.Div.1972). The intent of this legislation is to limit the eviction of tenants by landlords to the statutory grounds with respect to premises not excluded from its coverage. [at 572]

*See, also, Floral Park Tenants v. Project Holding, Inc.*, 152 *N.J.Super.* 582, 591, n.3 (Ch.Div.1977), aff'd *o. b. sub nom., Project Holding Inc. v. Smyth*, 166 *N.J.Super.* 354 (App.Div. 1979).

The statute plainly limits the authority of the Superior Court to remove residential tenants except for the enumerated reasons. We see no reason for judicial creativity through the application of maxims for statutory construction, *i. e.,* whether the legislation should be liberally construed because it is remedial or strictly construed because it is in derogation of the common law. We cannot conceive that the Legislature intended to allow foreclosing mortgagees to evict tenants from housing "in which they have been comfortable and where they have not caused any problems." (Statement, *Ibid.*). The mortgagee is almost always an "eyes-open" commercial lender. In substance, the mortgage is essentially security for payment of a debt. *Sears, Roebuck & Co. v. Camp,* 124 *N.J.Eq.* 403, 409 (E. & A.1938); *Feldman v. Urban Commercial, Inc.,* 64 *N.J.Super.* 364, 373 (Ch.Div.1960). To give a secured creditor a greater right than that of the landlord to evict nonoffending tenants upon the landlord's financial failure would be anomalous and would seriously thwart the legislative purpose.

The judicial function is to effectuate the legislative goal to the extent permitted by the statute. *State v. Fearick,* 69 *N.J.* 32, 37 (1976). While a statute in derogation of the common law is usually strictly construed, the rule will not be used to defeat the Legislature's obvious purpose or to lessen the statute's plainly intended scope. *Dacunzo v. Edgye,* 19 *N.J.* 443, 451 (1955). The statute clearly prohibits judicial removal of residential tenants for all but enumerated causes. Foreclosure is not one of the causes.

Reversed.