KENNETH ROBINSON, AN INFANT, BY HIS PARENT AND
GUARDIAN *AD LITEM*, ERNESTINE ROBINSON, *ET AL.*,
PLAINTIFFS-RESPONDENTS, v. WILLIAM T. CAHILL,
GOVERNOR OF THE STATE OF NEW JERSEY, *ET AL.*,
DEFENDANTS-APPELLANTS.

Argued May 7, 1973—Decided June 19, 1973.

*Mr. Stephen Skillman,* Assistant Attorney General, argued the cause for appellants (*Mr. Stephen G. Weiss,* Special Counsel; *Mr. Lewis M. Popper* and *Mr. Omer F. Brown, II,* Deputy Attorneys General, on the brief; *Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney).

*Mr. William H. Hyatt, Jr.,* argued the cause for *amicus curiae* Permanent Commission on State School Support (*Messrs. Pitney, Hardin and Kipp,* attorneys).

*Mr. Harold J. Ruvoldt, Jr.,* argued the cause for respondents (*Messrs. Ruvoldt and Ruvoldt,* attorneys, and Special Counsel to *Mr. Samuel C. Scott,* Corporation Counsel of the City of Jersey City, *Mr. William A. Drier,* Corporation Counsel of the City of Plainfield, *Mr. Adolph Romei,* Corporation Counsel of the City of Paterson, and *Mr. Julius Fielo,* Corporation Counsel of the City of East Orange).

*Mr. Paul Tractenberg* and *Mr. David G. Lubell,* of the New York bar, argued the cause for *amici curiae* Education Committee, Newark Chapter, National Association for the Advancement of Colored People and American Civil Liberties Union of New Jersey (*Messrs. William J. Bender* and *Frank Askin,* attorneys).

*Mr. Melville D. Miller, Jr.* argued the cause for *amicus curiae* New Jersey State Office of Legal Services.

PER CURIAM. In the opinion filed in this matter, 62 *N. J.* 473, 520–521 (1973), we said:

The present system being unconstitutional, we come to the subject of remedies. We agree with the trial court that relief must be prospective. The judiciary cannot unravel the fiscal skein. Obligations incurred must not be impaired. And since government must go on, and some period of time will be needed to establish another statutory system, obligations hereafter incurred pursuant to existing statutes

will be valid in accordance with the terms of the statutes. In other respects we desire the further views of the parties as to the content of the judgment, including argument as to whether the judiciary may, as the trial court did with respect to the "minimum support aid" and the save-harmless provision of the 1970 Act, 118 *N. J. Super.* at 280–281, order that moneys appropriated by the Legislature to implement the 1970 Act shall be distributed upon terms other than the legislated ones. A short date for argument will be fixed.

We have had the benefit of further argument. It is our view that the Court should not disturb the statutory scheme unless the Legislature fails to enact, by December 31, 1974, legislation compatible with our decision in this case and effective no later than July 1, 1975. We withhold ruling upon the question whether, if such legislation is not so adopted, the Court may order the distribution of appropriated moneys toward a constitutional objective notwithstanding the legislative directions.

We retain jurisdiction. Any party may move for appropriate relief, before or after December 31, 1974, if new circumstances so warrant.

*For affirmance as modified*—Chief Justice WEINTRAUB, Justices JACOBS, PROCTOR, MOUNTAIN and SULLIVAN, and Judges CONFORD and COLLESTER—7.

*For reversal*—None.