163 N.J. Super. 389 (1978)
394 A.2d 1240
TOWNSHIP OF PRINCETON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
NEW JERSEY DEPARTMENT OF EDUCATION ET AL., DEFENDANTS-RESPONDENTS.
BOROUGH OF NATIONAL PARK ET AL., PLAINTIFF-APPELLANT,
v.
GATEWAY REGIONAL BOARD OF EDUCATION, BOROUGH OF WESTVILLE ET AL., DEFENDANTS-RESPONDENTS.
BOROUGH OF GIBBSBORO ET AL., PLAINTIFFS-APPELLANTS,
v.
EASTERN CAMDEN COUNTY REGIONAL BOARD OF EDUCATION ET AL., DEFENDANTS-RESPONDENTS.
TOWNSHIP OF WEST WINDSOR, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
HONORABLE BRENDAN BYRNE, GOVERNOR OF THE STATE OF NEW JERSEY; HONORABLE FRED BURKE, COMMISSIONER OF THE DEPARTMENT OF EDUCATION OF THE STATE OF NEW JERSEY; THE TOWNSHIP OF PLAINSBORO, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, AND THE WEST WINDSOR-PLAINSBORO REGIONAL SCHOOL DISTRICT, DEFENDANTS-RESPONDENTS.
BOROUGH OF OAKLAND, PLAINTIFF-APPELLANT,
v.
BOROUGH OF FRANKLIN LAKES, TOWNSHIP OF WYCKOFF AND ATTORNEY GENERAL OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 5, 1978.
Decided October 31, 1978.
*391 Before Judges LORA, MICHELS and LARNER.
Mr. David Goldberg argued the cause for appellant Township of Princeton (Messrs. Warren, Goldberg & Berman, attorneys).
Mr. James J. Seeley argued the cause for appellant Borough of National Park.
Mr. Bruce M. Schragger argued the cause for appellant Township of West Windsor.
*392 Mr. Robert N. Wilentz argued the cause for respondent Borough of Princeton (Messrs. Wilentz, Goldman & Spitzer, attorneys; Mr. Marvin J. Brauth on the brief).
Mr. Russell E. Paul argued the cause for respondent Borough of Westville (Mr. Harold W. Hannold, attorney).
Mr. Joseph L. Stonaker argued the cause for respondent Township of Plainsboro.
Ms. Mary A. Burgess, Deputy Attorney General, argued the cause for respondents-officials and departments of the State of New Jersey (Mr. John J. Degnan, Attorney General of New Jersey, attorney; Mr. William F. Hyland, former Attorney General of New Jersey, and Mr. Stephen Skillman, Assistant Attorney General, of counsel; Ms. Susan P. Gifis, Deputy Attorney General, on the brief).
Mr. Henry R. Stoinski, attorney for appellant Borough of Gibbsboro (Mr. Kenneth N. Rubin on the brief).
Messrs. Villoresi and Buzak, attorneys for Borough of Oakland, joined on the brief of the Township of Princeton.
PER CURIAM.
This appeal concerns an attack upon a portion of the Public School Education Act of 1975 (N.J.S.A. 18A:7A-1 et seq.) which affects the apportionment of contributions by constituent members of regional school districts. More particularly, we are presented with the issue of the validity of a 1976 amendment (L. 1976, c. 21; N.J.S.A. 18A:13-23.1) which implements § 29 of the Public School Education Act of 1975 (N.J.S.A. 18A:13-23) by providing for a gradual phase-in over a five-year period of the § 29 basis of cost-sharing by members of regional school districts.
Section 29 provides that the budget allocations for all purposes for members of regional school districts be apportioned *393 according to the equalized valuations or ratables in each community.[1] This represented a radical departure from the prior method of apportionment of costs upon the basis of per pupil enrollment undertaken by many municipal members of the regional school districts.
In order to ease the impact of this allocation on communities which had previously made contributions by the number of pupils sent to that district, the Legislature adopted the supplement under consideration (N.J.S.A. 18:13-23.1) which provides for a phase-in of the effect of § 29 over a five-year period. It retains the per pupil basis on a partial plan which gradually reduces the portion of contributions for current operating costs and debt service calculated on a per pupil basis from 80% in the 1976-1977 school year to 20% for the year 1979-1980. For all school years thereafter the per pupil basis is terminated and all members of regional school districts are controlled by the ratables basis of N.J.S.A. 18A:13-23.
The several plaintiffs contend that N.J.S.A. 18A:13-23.1 is unconstitutional in light of the rulings of the Supreme Court in the Robinson v. Cahill opinions (Robinson v. Cahill I, 62 N.J. 473 (1973); Robinson v. Cahill II, 63 N.J. 196 (1973); Robinson v. Cahill III, 67 N.J. 35 (1975); Robinson v. Cahill IV, 67 N.J. 333 (1975); Robinson v. Cahill V, 69 N.J. 449 (1976)). They argue that the retention of the per pupil basis for allocation of budget appropriations of regional school districts, albeit on a gradually reduced basis for a maximum period of five years, violates the constitutional mandate which requires the State to provide a thorough and efficient system of education. N.J. Const. (1947), Art. VIII, § IV, ¶ 1. They urge that the inequality of financial burden in funding the regional school district resulting from the allocation of costs on a per pupil basis *394 fails to afford an equal educational opportunity for the children of the district as a constitutional minimum under Robinson V, supra, 69 N.J. 449. Additionally, some of the plaintiffs assert unconstitutionality on the ground that the act results in disparity of the tax rates within the regional district (which they equate with a taxing district), in violation of Art. VIII, § I, ¶ 1(a) of the New Jersey Constitution.
Respondent municipalities contend, on the other hand, that funding of regional school districts on a per pupil basis does not violate the constitutional mandate as construed in the Robinson opinions and, alternatively, that the restraint exercised by the trial judge in denying immediate relief is appropriate under the circumstances.
As far as we can discern, the trial judge held that N.J.S.A. 18A:13-23.1 is unconstitutional because the impact of the retention of the per pupil basis for allocation of costs among members of the regional district results in inequality of taxation and thus inequality of educational opportunity. He based his conclusion in this regard upon the opinion in Robinson V, supra, 69 N.J. 449, which sustained the constitutionality of the Public School Education Act of 1975. He articulated the rationale of the determination in the following excerpt from his oral opinion:
The Court finds all through these decisions the theme that not only should there be sufficient funding for thorough and efficient education, not only should the State guarantee that funding, but that any portion of that funding that the State places in the hands of the local school districts must be done as nearly as possible in an equitable basis.
This Court does not consider that the material before it  the difference in tax rates that would be compelled by Chapter 21, the continuation of the disparate contributions by the constituent members of the school district  this Court does not consider Chapter 21 meets the constitutional requirements that the Robinson cases require as part of the system to comply with the education clause of the constitution.
*395 Nevertheless, despite this finding the judge refused to implement the same on the ground that the court should permit the statute to be applied as an interim measure for the limited period involved, since such forbearance is a pragmatic and reasonable mechanism to avoid a "detrimental and harsh" result of a finite judgment immediately voiding the legislation.
He therefore entered summary judgment in favor of defendants and denied plaintiffs' motion for summary judgment. Plaintiffs' appeal rests upon the adoption of the trial judge's holding that the statute is unconstitutional and urges error in the failure to implement that holding by a judgment enjoining the implementation and enforcement of the same.
We do not agree with the trial judge that per pupil funding as a means of measuring the allocation of costs among the member municipalities of a regional school district violates the Education Clause of the New Jersey Constitution (Art. VIII, § IV, ¶ 1) as interpreted by the Supreme Court in the Robinson opinions. Granted that funding is an essential ingredient in providing an equal educational opportunity to the children of the State (62 N.J. at 473) within the constitutional requirement of a "thorough and efficient system of free public schools," the restructuring of the financing of school districts in the Public School Education Act of 1975 (N.J.S.A. 18A:7A-1 et seq.) has received the imprimatur of constitutional validity in Robinson V, supra, 69 N.J. 449.
In applying the thesis of this opinion and its predecessors it is manifest that there is a dichotomy between the mandated equal educational opportunity for all children in the State and plaintiffs' position that tax equalization is also a prerequisite. This is particularly apparent in this case concerning regional school districts, for the funding of a district is dictated by the budget of the unitary school district, with the consequence that each child in that district receives his equal share of the application of the total financial *396 input to the school system through the apportioned contributions of the member municipalities and the state aid provided to all districts in accord with the formula of the 1975 act. In this manner the regional district and all its students are placed on an approximate par for minimal constitutional purposes with other districts and other students of the State with respect to educational opportunity.
Since the total amount expended for education in the district is determined by the regional district board before the apportionment among the municipalities, the mere method of apportionment of the costs, whether on a per pupil or ratables basis, has no effect whatever on the quality or opportunity of education of the children within that district. It is for that reason that the Robinson precepts do not come into play. Although the choice of method of apportionment may create an unequal tax burden among the municipalities of the district, as the record reflects, it does not influence the level of expenditures made by the district for educational purposes.
The Robinson cases do not interdict a result which creates an unequal tax burden on the taxpayers of the constituent municipalities, so long as the per pupil level of expenditures by the district affords a thorough and efficient education to the children in the district pursuant to the State's constitutional obligation. See 62 N.J. at 513; Paul L. Trachtenberg, "Reforming School Finance Through State Constitutions: Robinson v. Cahill Points the Way," 27 Rutg. L. Rev. 365 at 420-421. Thus, the method of allocation, whether it be on the basis of ratables (N.J.S.A. 18A:13-23), or the number of pupils enrolled, or on a combination of both (N.J.S.A. 18A:13-23.1), is a matter preeminently within the power of the Legislature and has no bearing upon the issue of constitutionality as delineated in the Robinson cases.
In fact, the motivation for adopting the phase-in legislation  N.J.S.A. 18A:13-23.1  was to ease the extreme impact upon the tax structure of ratable wealthy *397 communities of the immediate change from a per pupil to a ratables basis. It serves to lessen the risk of "municipal overburden" in connection with the competing demands of other municipal services in order to conform to the new ratables basis of N.J.S.A. 18A:13-23. Such interim legislation is manifestly a reasonable exercise of legislative power beyond the ambit of judicial interference. See West Morris Reg. Bd. of Ed. v. Sills, 58 N.J. 464, 481, cert. den. 404 U.S. 986, 92 S.Ct. 450, 30 L.Ed.2d 370 (1971); N.J. Restaurant Ass'n v. Holderman, 24 N.J. 295, 300-301 (1957). It also follows that the legislative preference for a five-year maximum phase-in period is equally unassailable.
We next turn to the contention that the legislation in question violates Art. VIII, § I, ¶ 1(a) of the New Jersey Constitution in that it results in different rates of taxation on property within the regional district. The argument is structured on the thesis that a regional school district is a "taxing district" within the cited provision of the Constitution which states:
And such real property shall be taxed at the general tax rate of the taxing district in which the property is situated for the use of such taxing district.
We reject this contention as clearly without merit. The regional school district has no power to tax  a power which is limited to the municipalities themselves. Thus, the mere circumstance that the tax rates of municipalities within the district may differ because of the legislation is not a basis for a claim of a violation of the foregoing tax clause. The uniformity of tax rate is a constitutional imperative within the municipal taxing district  an entity which has the power to assess and collect taxes. The suggestion that we distort the plain language of the Constitution through "a functional approach" is wholly misplaced.
In view of our conclusion that N.J.S.A. 18A:13-23.1 is constitutional, we find no purpose in discussing the *398 propriety of the trial judge's subsidiary conclusion to withhold enforcement of its judgment.
Accordingly, contrary to the trial judge's finding, we hold that N.J.S.A. 18A:13-23.1 is constitutional. Nevertheless, this does not lead to a reversal of the judgment entered on January 12, 1977 from which the appeals were taken. We therefore affirm the judgment below, without costs.
NOTES
[1] Equalized valuations are calculated pursuant to the definition in N.J.S.A. 18A:7A-3.