178 N.J. Super. 325 (1981)
428 A.2d 1325
TOWNSHIP OF WASHINGTON, A MUNICIPAL CORPORATION, AND THE BOROUGH OF WESTWOOD, A MUNICIPAL CORPORATION, APPELLANTS,
v.
FRED G. BURKE, COMMISSIONER OF THE DEPARTMENT OF EDUCATION OF THE STATE OF NEW JERSEY, AND DEPARTMENT OF EDUCATION OF THE STATE OF NEW JERSEY, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 9, 1981.
Decided April 2, 1981.
*326 Before Judges ALLCORN, PRESSLER and FURMAN.
Leonard Adler argued the cause for the appellants.
M. Kathleen Duncan, Deputy Attorney General, argued the cause for the respondents (John J. Degnan, Attorney General of New Jersey, attorney; Erminie L. Conley, Assistant Attorney General, of counsel).
PER CURIAM.
This appeal challenges the constitutionality of N.J.S.A. 18A:7A-18 as applied to the Westwood Regional School District whose constituent municipalities are appellants Township of Washington and Borough of Westwood.
N.J.S.A. 18A:7A-18 was originally adopted as part of the Public School Education Act of 1975, N.J.S.A. 18A:7A-1 et seq., and was amended in 1978 by L. 1978, c. 158, § 5. The act was the Legislature's response to the Supreme Court's mandate for state support of the constitutionally required thorough and efficient system of free public schools, as set forth in the first four Robinson v. Cahill cases and was held to be facially constitutional in the fifth Robinson v. Cahill case. See Robinson v. Cahill (I through V), 62 N.J. 473, cert. den. 414 U.S. 976, 94 S.Ct. 292, 38 L.Ed.2d 219 (1973); 63 N.J. 196, cert. den. 414 U.S. 976, 94 S.Ct. *327 292, 38 L.Ed.2d 219 (1973); 67 N.J. 35 (1975); 69 N.J. 133 (1975); and 69 N.J. 449 (1976). And see, generally, Karcher v. Byrne, 79 N.J. 358 (1979). N.J.S.A. 18A:7A-18 is that section of the act which provides the equalization formulas for calculating the amount of state financial support for each school district. As a consequence of the 1978 amendment of that section, two formulas are stated, one in subsection (a) and one in subsection (b), the statutory directive entitling each school district to state support in accordance with that formula which yields the greater amount of aid. The evident purpose of the two formulas is to require a greater level support for the poorer school districts. The basic variable element of each formula is the district's equalized valuation per pupil. Generally speaking, the lower that element, the higher the state financial support.
In calculating the amount of state support to which the Westwood Regional School District was entitled for the 1979-1980 school year, the Commissioner of Education treated the two municipal constituent members thereof as if they had constituted a single territorial and political entity. That is, he combined the equalized valuations of both municipalities, dividing that total by the combined number of pupils in order to determine the district's equalized valuation per pupil. Insofar as we understand the argument of appellants, and particularly appellant Township of Washington, it is urged that the amount of state support should not be calculated on a district-wide basis at all, but rather that it should be calculated separately for each constituent municipality. The apparent factual basis of this argument is that Washington Township's equalized valuation per pupil is less than the entire regional district's per pupil equalized valuation, and hence that if it were regarded as a separate entity, it, and perhaps the district as well, would receive a higher level of state support.
We regard this argument as missing the whole point of a regionalized school district which is, essentially, to provide a group of municipalities with a joint educational system of a quality and character which no constituent member is willing or *328 able to provide by itself. See, e.g. Princeton Tp. v. Education Dep't of N.J., 163 N.J. Super. 389 (App.Div. 1978). Clearly, this benefit imposes concomitant burdens, and we see no constitutional impediment to the burden here complained of. That is to say, when a municipality poorer in equalized valuation per pupil opts to regionalize with a wealthier neighbor, it is an implicit consequence of that choice that the level of state support will be based on the resources and pupils of the resultant regional district as a whole. Any other approach to state aid would, in our view, be wholly antithetical to the concept and functioning of the regional district. Nor do we perceive any constitutional impediment in the fact that in order to finance the nonstate share of the cost of the regional district, constituent municipalities may impose variant tax rates on their respective property owners. Princeton Tp. v. Education Dep't of N.J., supra at 397. Neither do we perceive a constitutional impediment in the statutory provision of alternative formulas, since those alternatives are designed to insure the necessary level of state support for all school districts irrespective of their individual per pupil equalized valuations. In short, we see no basis upon which a constitutional challenge to N.J.S.A. 18A:7A-18 may be sustained vis-a-vis its treatment of a regional district as an integrated entity.
We are constrained to address briefly the procedural route by which this matter reached us. Appellants filed a complaint in lieu of prerogative writs in the Superior Court, Law Division, the relief demanded being a declaration of the unconstitutionality of N.J.S.A. 18A:7A-18, at least insofar as it applied to them. The trial judge, however, viewed the matter as an appeal from the action of the Commissioner of Education in allocating state aid funds. He concluded, therefore, that this action should have been brought directly to this court pursuant to R. 2:2-3(a)(2). Accordingly, he entered an order transferring the matter to this court without himself having considered the merits thereof. We do not resolve this question or address the propriety of the transfer order because we are satisfied in any event from the *329 record before us that appellants are not, on the merits, entitled to relief in either case. It is, therefore, of no significant moment whether we dismiss the complaint as a matter of our review jurisdiction or our original jurisdiction.
We further note that in their appendix on appeal appellants have included the report of a certified public accountant, the import of which is presumably to demonstrate that the State's equalization aid for the district as a whole is less than it would have been had the aid for each constituent municipality been calculated separately. We do not, however, for the reasons heretofore stated regard that resultant variation as relevant even if we were to assume that the accountant's calculations were correct. We further note that appellants did not apply for leave to supplement the record on appeal and that respondents have moved to strike the report therefrom. In view of the foregoing that motion is granted.
The complaint is dismissed.