NATHAN SONNHEIM, PLAINTIFF-RESPONDENT, v. THE STATE BOARD OF MARRIAGE COUNSELOR EXAMINERS IN THE DIVISION OF PROFESSIONAL BOARDS OF THE DEPART-MENT OF LAW AND PUBLIC SAFETY, STATE OF NEW JER-SEY, A BODY POLITIC, DEFENDANT-APPELLANT, AND NEW JERSEY BELL TELEPHONE COMPANY, A CORPORA-TION OF THE STATE OF NEW JERSEY, DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued November 25, 1981—Decided July 23, 1982.

2

Before Judges FRITZ, ARD and TRAUTWEIN.

*Thomas H. Shar,* Deputy Attorney General, argued the cause for appellant (*Irwin I. Kimmelman,* Attorney General of New Jersey, attorney; *Judith A. Yaskin,* Acting Attorney General of New Jersey, *Erminie L. Conley,* Assistant Attorney General, and *Thomas H. Shar,* on the brief).

*Emerson L. Darnell* argued the cause for respondent (*Darnell and Scott,* attorneys).

*Sterns, Herbert & Weinroth* filed a brief for amicus curiae National Association of Social Workers, Inc.

The opinion of the court was delivered by

FRITZ, P. J. A. D.

The facts in this matter are essentially undisputed. The sole substantive question presented, *i.e.,* the right of a certified social worker to advertise himself as a marriage counselor, is purely a legal one. The trial judge held plaintiff had such a right. The State Board of Marriage Counselor Examiners (Board) has appealed. We affirm, but not wholly for the reasons set forth by the trial judge in her articulate opinion.

Simply put, plaintiff has a graduate degree in social work and is a member of the Academy of Certified Social Workers. However, he is not and has never been a licensed marriage counselor pursuant to statute in New Jersey. He contends that his qualifications and the discipline entitle him to advertise himself as a marriage counselor. The Board insists that such an advertisement under the classification "marriage and family

counselors" implicitly suggests licensure and is in fact misleading and deceptive.

Prior to November 1976 plaintiff had listed his name in the yellow pages classified telephone directory under the category "Marriage and Family Counselors." During August 1976 the Board wrote plaintiff requesting that he remove his name from that classification in the yellow pages. He refused. Thereafter the New Jersey Bell Telephone Company (company), a defendant in this action, refused to accept plaintiff's listing in this classification without proof of his licensure as a marriage counselor.

Plaintiff brought an action for declaratory judgment and damages. Answers by the Board and the company were filed in due course. All parties moved for summary judgment, plaintiff moving "as to liability only." In a substantial written opinion, containing detailed fact finding, the trial judge came to the conclusion that "plaintiff as a social worker falls within a class of professions deemed qualified by the Legislature to practice marriage and family counseling and that his licensing by the Academy of Certified Social Workers satisfies the provisions of *N.J.S.A.* 45:8B–16." To this she added an acknowledgment of plaintiff's challenge of "this statute on constitutional grounds." She found it unnecessary to reach "these issues" "[b]ecause of the ... finding that plaintiff may not be prohibited from practicing in the field of marriage counseling and, therefore from advertising his services in the Yellow Pages of the New Jersey Bell Telephone directories and otherwise." She concluded this portion of her opinion with the statement, "Summary judgment as to liability is granted to plaintiff against the State Board of Marriage Counselors." She denied the cross-motion of the company, predicated on the assertion that as a corporation, it is not a "person" and therefore is not amenable to suit under "this section." She also opined that since the company denied the allegations of plaintiff that the Board "unlawfully prevailed upon or conspired with" the company, a determination of the "State action issue," concerning which a resolution of these facts

is critical, was not yet ripe for summary judgment. She denied the motions for summary judgment "between plaintiff and New Jersey Bell Telephone Company."

At the outset we turn to two procedural problems, convinced that neither should get in the way of our disposition at this time of the important substantive question presented. The first of these has to do with the undoubted fact that this appeal is from an interlocutory determination, brought without leave and subject to summary dismissal on that account. *Frantzen v. Howard,* 132 *N.J.Super.* 226 (App.Div.1975). Quite obviously not all issues as among all parties have been determined and no amount of calling the judgment below as one "final" on liability will save that judgment from being interlocutory in nature. The Board did not move for leave to appeal. Rather it commented, somewhat cavalierly in our judgment, by means of a footnote appended to its procedural history. It noted that "[i]t might be suggested that the judgment as to 'liability' can not technically be certified as a final judgment," adding that since the issues are substantial immediate appellate review is warranted and that "should a motion for leave to appeal be deemed necessary" that the notice of appeal and brief be treated as such a motion. Such a procedure is not to be condoned and our willingness to grant leave to appeal *nunc pro tunc* at this time and consider the merits of the appeal should not be deemed to be anything but disapproval of this conduct.

The second procedural matter actually constitutes the first ground for appeal raised in the Board's brief. There the problem is stated thusly:

This matter should have proceeded as an appeal from the Board's directive not to advertise as a marriage counselor or as an application for a license under the provision of N.J.S.A. 45:8B–16, therefore, the trial court lacked jurisdiction over the complaint and the trial court further erred to the extent its award of liability against the Board contemplates an award of damages.

Actually, this point which purports to be a single point challenging the jurisdiction of the trial court or, at best, that and an additional point complaining of the "contemplation" of an award

of damages (see *R.* 2:6–2(a)(5)) is, in fact the presentation in a somewhat undisciplined manner of no less than six points. The complaint against trial court jurisdiction is forwarded both in terms of a disregarding of "[t]he responsibility for administering and enforcing the requirements imposed upon the practice of marriage counseling ... delegated to the defendant Board of Marriage Counselor Examiners," and as a substitution of the trial courts' "interpretation for that of the Board of the pertinent provisions of the marriage counseling practice act." Additionally, there are complaints in this point that (a) the action constitutes a collateral attack on a decision of an administrative agency, although no discussion appears respecting the availability of prerogative writs review; (b) the trial court should have deferred its action in any event "so that the Board could properly exercise its statutory mandates," an obvious reliance on the doctrine of the exhaustion of statutory remedies, which is not a true jurisdictional argument; (c) the action of the court "impermissibly intrudes upon the Board's statutory responsibilities," which may or may not be a jurisdictional issue, and (d) in any event the "determination that plaintiff should be deemed qualified as a marriage counselor ... is not supported by the record," a pure weight of the evidence question. We observe also that to the extent this plethora of issues permits of a collective characterization, the Board concedes that that which is encompassed by Point I in its brief was not raised below. At the same time it asks us to undertake a determination nevertheless. We need not, at least respecting all the issues except the weight of the evidence issue. *Nieder v. Royal Indemnity Ins. Co.,* 62 *N.J.* 229, 234 (1973). We are tempted to respond at length. However, we are content with the observation, reflected in the Board's point heading, that since we have review jurisdiction over the administrative agency and the trial court, and since the Board is sufficiently concerned about the matter to have filed an appeal from an interlocutory order without seeking leave, we should get on with it. *See Washington Tp. v. Burke,* 178 *N.J.Super.* 325, 328–329 (App.Div.1981), certif. den.

87 *N.J.* 413 (1981). We are influenced in this decision by the fact that we may remand in cases where we believe it to be necessary, by our authority to exercise original jurisdiction in matters of substantial importance warranting that toward the end of a complete determination (*R.* 2:10–5) and by that which we believe to be the correct substantive determination. Accordingly, since the jurisdictional issue was not raised below, we say no more at this time than that we shall dispose of the matter on the substantive merits.

From a substantive standpoint we are satisfied that while the result below was essentially correct, the matter was overcomplicated there and here, as a result of which the trial judge painted with too broad a brush. For instance, she held, unnecessarily we believe, that by virtue of *N.J.S.A.* 45:8B–16, "anyone licensed or certified in those named professional disciplines, including social workers with certain educational and experience backgrounds, are qualified as marriage counselors." We do not read the statute in that fashion. Section 16, with its reference to § 15, a licensing statute, is merely a "grandfather clause" and, in our opinion, provides no blanket qualification for certain professional disciplines. Such a holding is unnecessary in any event, because there is no evidence in the record respecting the licensing or certification of plaintiff prior to January 1, 1970, a precondition of § 16. Further, the trial judge "summarized" the "operative terms" of § 15(a) and (b) as deeming qualified as a marriage counselor one who satisfies certain conditions. We do not read this section that way. As noted above, we regard § 15—which also contains preconditions referring to § 14—as a licensing act, designed to remove the requirement of examination and substitute therefor educational and experience requirements. Again, we respectfully suggest that while § 15 may thereby offer some hint respecting that which the Legislature believed were sufficient qualifications for licensing as a marriage counselor, the broad pronouncement of law should have been avoided in this case where plaintiff continually protests

that he does not want a license and asserts his purported right to practice marriage counseling without a license.

Concerned that we do not do more than we need or ought, we perceive the issue in this case to concern itself only with the right of one not licensed as a marriage counselor to advertise or represent himself to the public as a marriage counselor without offense to the statute. The trial judge also perceived this to be the issue, although she expressed the question in terms of whether *N.J.S.A.* 45:8B–5 prohibited that activity. We believe more to the point is whether *N.J.S.A.* 45:8B–8 removes any prohibition of § 5, since it is now clear that commercial speech enjoys the protection of the First Amendment to the United States Constitution. *Central Hudson Gas v. Public Service Comm'n,* 447 *U.S.* 557, 100 *S.Ct.* 2343, 65 *L.Ed.*2d 341 (1980); *Bates v. State Bar of Arizona,* 433 *U.S.* 350, 97 *S.Ct.* 2691, 53 *L.Ed.*2d 810 (1977). A question which might otherwise be infinitely more complex and far more difficult is substantially simplified by these Supreme Court decisions. In essence, if you are permitted to do it, you have a First Amendment right to inform others in that respect. Accordingly, our obligation becomes one of determining whether the statute permits plaintiff to practice marriage counseling without a license, because if it does, plaintiff is entitled to advertise that fact within certain limitations which are discussed later.

It would appear to be beyond cavil that plaintiff is a qualified social worker or, to use the words of *N.J.S.A.* 45:8B–8, a qualified member of a professional group composed of social workers. The Board does not attack this finding of fact. Nor is there any challenge to the apparently conceded finding that plaintiff holds a masters degree in social work from the University of Pennsylvania, School of Social Work, and is a licensed member of the National Academy of Certified Social Workers. That being so, the plain meaning of § 8 removes any restraint elsewhere "in this act" which would prevent him "from doing work of a marriage and family counseling nature."

In view of the important public purpose described in *N.J.S.A.* 45:8B–1 and with proper regard for the rules of law that direct that "[t]he sense of a law is to be collected from its object and the nature of the subject matter, the contextual setting, and the statutes *in pari materia*," *Giles v. Gassert,* 23 *N.J.* 22, 33–34 (1956), and "the meaning of a particular phrase or provision of a statute is to be determined in the context of the whole statute," *Davis v. Heil,* 132 *N.J.Super.* 283, 294 (App.Div.1975), aff'd o.b. 68 *N.J.* 423 (1975), the Board argues that this permissive language pertains only to counseling work which is done incidentally to and in connection with the prime effort as, for instance in this case, a social worker. The trouble with this argument is that § 8 neither says that nor implies that. That the Legislature not only was aware of the advisability of the imposition of some standard on this permission but exercised its right to impose that standard is to be seen from the concluding phrase of the enabling language quoted above, "consistent with the accepted standards of their respective professions." A rein has been supplied by the Legislature. But this is not the control of requiring the counseling to be incidental to other services. Rather, this requires the counseling to be provided within the accepted standards of the discipline. The canon which produces liberality of construction of remedial legislation, specifically invoked in *N.J.S.A.* 45:8B–1, is not license to ignore the plain meaning of the language employed by the Legislature. *Wormack v. Howard,* 33 *N.J.* 139, 142 (1960). For either an administrative agency as an arm of the Executive or the courts to disregard the words chosen by the Legislature and thereby to legislate rather than to interpret or construe, is to threaten the important doctrine of separation of powers. To us the ability to do the work of a marriage counselor means nothing more nor less than the right to practice marriage counseling. Where the wording of a statute is that clear, we may not diverge from the perfectly expressed intent on the theory of interpretation or construction. *Duke Power Co. v. Patten,* 20 *N.J.* 42, 49 (1955). We must be careful not to permit our judgment as to what we

may consider to be a wiser course to cause us to rewrite the statute. *Aetna Ins. Co. v. Gilchrist Brothers, Inc.,* 85 *N.J.* 550, 566 (1981). The legislative function belongs only to the Legislature. *N.J.Const.* (1947), Art. III, par. 1.

It is for these reasons we affirm the judgment below. But we emphasize that our determination goes no further than is necessary. We conclude only that by virtue of his qualification as a member of a professional group of social workers, plaintiff may do the work of a marriage counselor without further licensing and may advertise his right to do that work. Nothing beyond this holding is to be implied from anything we have said.

We hasten to point out that the First Amendment protection of this commercial speech is not without limitation. *Central Hudson Gas v. Public Service, supra,* demonstrates that speech may be suppressed despite the First Amendment in order to serve compelling state interests, so long as the restriction be no more extensive than necessary. We have no doubt that the Board has not only the right but the duty to effectuate the policies and provisions of *N.J.S.A.* 45:8B–1 *et seq.,* the Practicing Marriage Counseling Act. *N.J.S.A.* 45:8B–13. It may adopt such rules and regulations as it believes necessary to perform its duties in this respect. In the light of its now expressed concern that, in view of the licensing requirements of the statute, the public may well be deceived by one who advertises himself without qualification as a marriage counselor into believing the advertiser is a licensed marriage counselor rather than, say, a social worker who practices marriage counseling, the Board may want to promulgate a regulation controlling the text of such advertising. We see nothing at all wrong with that as long as the regulation does not impose a limitation more extensive than necessary to promote the state interest. Whether a requirement that any advertisement by nonlicensed counselors must include a statement to the effect that the advertiser's discipline is in another field and that he or she is not licensed to do this work will pass muster must depend, of course, on the demonstration of reasonableness *vel non* of the precise regulation at the time of

its promulgation. We do not undertake to consider that question now.

A further postscript: we have not missed nor do we deprecate the cries of doom which emanate from the Board at the prospect of these nonlicensed individuals practicing the art of marriage counseling. As we have said above, this is a matter for the Legislature. In the meantime, it seems to us that whether this practice is indeed being undertaken "consistent[ly] with the accepted standards of [the] respective professions" would seem to be a matter within the jurisdiction of the Board under its enforcement powers found in § 13.

The judgment is affirmed to the extent and for the reasons stated in the foregoing opinion. The matter is remanded to the trial court for further proceedings. No costs to any party on this appeal.