**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-3409-17T1
                A-3484-17T1

WILLIAM TOOLEN, in his official
capacity as President of the New
Jersey Law Enforcement Supervisors
Association, and NEW JERSEY LAW
ENFORCEMENT SUPERVISORS
ASSOCIATION,

      Petitioners-Appellants,

and

LANCE LOPEZ, in his official
capacity as President of the
Policemen's Benevolent Association
Local #105, and POLICEMEN'S
BENEVOLENT ASSOCIATION
LOCAL #105, on behalf of all
its members,

      Petitioners,

and

COMMUNICATIONS WORKERS OF
AMERICA, AFL-CIO, NEW JERSEY
STATE POLICEMEN'S BENEVOLENT
ASSOCIATION STATE LAW
ENFORCEMENT UNIT, and NEW

JERSEY INVESTIGATORS
ASSOCIATION, FRATERNAL
ORDER OF POLICE LODGE #174,

 Petitioners/Intervenors,

and

EDWARD SULLIVAN, in his official
capacity as President of the New Jersey
Superior Officers Law Enforcement
Association, and the NEW JERSEY
SUPERIOR OFFICERS LAW
ENFORCEMENT ASSOCIATION, on
behalf of all its members,

 Petitioners/Intervenors-
 Appellants,

v.

THE STATE OF NEW JERSEY and
PHILIP D. MURPHY, in his official
capacity as Governor of the State of New
Jersey,[1]

 Respondents-Respondents.

_____

Argued telephonically May 4, 2020 –
Decided May 21, 2020

Before Judges Sabatino, Sumners and Geiger.

---

[1] The original caption listed Christopher James Christie, in his official capacity as Governor of the State of New Jersey, as a respondent. We have substituted Philip D. Murphy, the current Governor, based upon Rule 4:34-4, which provides for automatic substitution of the current officeholder.

On appeal from the New Jersey Public Employment Relations Commission, PERC Nos. 2018-29 and 2018-36.

Frank M. Crivelli argued the cause for appellants William Toolen and New Jersey Law Enforcement Supervisors Association in A-3409-17 (Crivelli & Barbati, LLC, attorneys; Frank M. Crivelli and Donald C. Barbati, on the briefs).

Kevin D. Jarvis argued the cause for appellants Edward Sullivan and New Jersey Law Enforcement Supervisors Association in A-3484-17 (O'Brien, Belland & Bushinsky, LLC, attorneys; Kevin D. Jarvis, on the brief).

William K. Kennedy argued the cause for respondents State of New Jersey and Philip D. Murphy (Montgomery, McCracken, Walker & Rhoads, LLP, attorneys; William K. Kennedy and Erin K. Clarke, on the briefs).

Don Horowitz, Senior Deputy General Counsel, argued the cause for respondent Public Employment Relations Commission (Christine Lucarelli, General Counsel, attorney; Don Horowitz, on the briefs).

PER CURIAM

We consolidate these back-to-back appeals and issue a single opinion.

Petitioners William Toolen and the New Jersey Law Enforcement Supervisors

Association (NJLESA), and petitioners-intervenors Edward Sullivan and the

New Jersey Superior Officers' Law Enforcement Association (NJSOLEA)[2] appeal from the dismissal of their transferred Law Division complaints by the Public Employment Relations Commission (PERC), and the denial of their motion for reconsideration.

In their complaints, petitioners sought the payment of salary increments during the interim between the expiration of collective negotiations agreements (CNA) and the adoption of successor CNAs (the interim period). They alleged that the payment of salary increments during the interim period is mandated by various State statutes and were wrongfully withheld by the State.

PERC dismissed the complaints, determining that the statutes petitioners relied upon did not support their claims. PERC also denied petitioners' motion for reconsideration, which was premised on alleged procedural errors, on the ground that no extraordinary circumstances and exceptional importance warranted reconsideration.

Since the time of the denial of reconsideration, the NJLESA and NJSOLEA (collectively, the unions) have negotiated successor CNAs with the

---

[2] The NJLESA represents those employees in the primary level supervisory law enforcement unit. The NJSOLEA represents those employees in the secondary level supervisory law enforcement unit.

State, pursuant to which the salary increments at issue have been retroactively paid.

The State had CNAs in place for July 1, 2011 through June 30, 2015, with both the NJLESA (produced through interest arbitration) and the NJSOLEA. Both CNAs acknowledged the existence and continuation during the terms of the agreements of the State Compensation Plan, which incorporates the concept of a salary range with specific minimum and maximum rates, and intermediate incremental steps for each position.

Both CNAs also provided for the payment of annual salary increments during the terms of the agreements. Specifically, both CNAs provided: "Normal increments shall be paid to all employees eligible for such increments within the policies of the State Compensation Plan during the term of this Agreement."

Neither CNA conditioned the payment of salary increments on appropriations by the Legislature. However, other wage increases, payable in July of each year, were expressly conditioned upon "appropriations of funds for these specific purposes."

In terms of automatic renewal, the NJLESA's agreement stated: "The contract shall automatically be renewed from year to year [after contract expiration] unless either party gives written notice of its desire to terminate,

modify or amend the Agreement." No similar language appeared in the NJSOLEA's agreement.

By letter dated June 29, 2015, the State informed the NJLESA that "[i]f a new agreement is not in place by July 1, 2015," the payment of salary increments would not be continued pending negotiations. The NJSOLEA received a similar letter, also dated June 29, 2015.

On July 7, 2015, the NJLESA and its president, William Toolen, filed a verified complaint in the Law Division against defendants State of New Jersey and then-Governor Christie, in his official capacity. The complaint alleged defendants wrongfully withheld salary increments to union members after expiration of the July 1, 2011-June 30, 2015 CNA, in violation of the Civil Service Act, as well as the regulations and the Compensation Compendium adopted pursuant to the Civil Service Act. Plaintiffs moved to proceed in a summary manner and sought an order to show cause as to why the requested relief should not be granted. On July 9, 2015, the court entered an order to show cause.

A-3409-17T1

A few weeks later, the NJSOLEA moved to intervene in the litigation. Additional unions also moved to intervene.[3] In August 2015, the court entered orders granting intervention. That same month, defendants moved under Rule 4:6-2(e) to dismiss the complaints filed by plaintiffs and plaintiffs-intervenors. On October 13, 2015, the motion court heard argument on the motion to dismiss, and reserved decision.

While the motions were still awaiting decision, counsel advised the court that plaintiffs NJLESA and PBA #105, and plaintiffs-intervenors the SLEU and NJSOLEA, had filed unfair labor practice charges with PERC based upon the State's failure to pay salary increments during the interim period.

In March 2017, the motion court issued an oral decision and order transferring the case to PERC without deciding the motion to dismiss. In the order, the court directed that "PERC shall consider asking the Civil Service Commission (CSC) for its views of the statutes relied upon by plaintiffs, including seeking the views of the [CSC] as to what constitutes the 'State employee compensation plan.'"

---

[3] The other intervenors were the Communication Workers of America AFL-CIO, the New Jersey State Policemen's Benevolent Association State Law Enforcement Unit (SLEU), and the New Jersey Investigators Association Fraternal Order of Police Lodge 174. None are participating in this appeal.

In November 2017, petitioners moved before PERC to consolidate the transferred case with pending unfair labor practice charges filed by the union petitioners, which also related to the non-payment of salary increments during the interim period. The State opposed the motion and sought a ruling on its still undecided motions to dismiss.

Ultimately, PERC scheduled the case for hearing. In response, the parties jointly requested an adjournment, and for the matter to be "held in abeyance until further notice," so that the new Governor's administration could have "an opportunity to analyze the issues involved" before PERC took formal action. PERC denied this request.

On January 25, 2018, PERC issued a written decision and order denying the motion to consolidate and dismissing the complaint. PERC denied the motion to consolidate on the ground that the complaint raised different legal issues than the pending scope of negotiations petitions and unfair labor practice charges.

PERC dismissed the complaint on the ground that the statutes relied upon by petitioners did not mandate the payment of salary increments during the interim period. Rather, in accordance with the Supreme Court's decision in In re County of Atlantic, 230 N.J. 237 (2017), that issue was a mandatory subject

of collective negotiations. Based on this legal analysis, PERC found it was not necessary to seek input from the CSC.

PERC explained that dismissal of the complaint did not affect the pending unfair labor charges filed by the unions:

> Doing so will not prevent the Toolen plaintiffs from seeking a ruling, via their unfair practice charges or an arbitrator if the charges [were] deferred to grievance arbitration, that the increments should have been paid under the [Employer-Employee Relations Act, N.J.S.A. 34:13A-1 to -43] or the CNA, as the case may be. Dismissing the Toolen complaint will only preclude the plaintiffs and intervenors from relitigating before this Agency their claims that Titles 11, 52, and 53 mandated the payment of increments and step movement during the hiatus period.

Appellants moved for reconsideration. On February 22, 2018, PERC issued a written decision and order denying reconsideration, finding no "extraordinary circumstances and exceptional importance warranting reconsideration."[4] These appeals followed.[5]

---

[4] On April 3, 2018, Toolen and the NJLESA appealed from the February 22, 2018 PERC order (No. A-3409-17). On April 9, 2018, Sullivan and the NJSOLEA did likewise (No. A-3484-17). An April 13, 2018 amended notice of appeal included the January 25, 2018 PERC order.

[5] We deny the motion filed on the cusp of oral argument (M-5977-19) seeking to postpone the disposition of this appeal because of the then-pendency of PERC's unfair labor practice ruling.

During oral argument before this court, counsel acknowledged that through collective negotiations that took place while this appeal was pending, the parties have resolved to their satisfaction the payment of the salary increments at issue.[6]

We also take judicial notice that shortly before oral argument before this court, PERC issued a consolidated April 30, 2020 final decision (Docket Nos. CO-2016-107 and CO-2016-118), adjudicating the unfair practice charges filed by NJLESA and NJSOLEA as a result of the State's unilateral discontinuation of salary increments during the interim period.[7] PERC adopted the Hearing Examiner's findings of fact and conclusions of law "that the State violated N.J.S.A. 34:13A-5.4(a)(5) and, derivatively, N.J.S.A. 34:13A-5.4(a)(1) by unilaterally discontinuing the payment of salary guide step increments to

---

[6] In November 2018, the State and NJLESA executed a Memorandum of Agreement (MOA) covering July 1, 2015 to June 30, 2019, that provided for the payment of salary guide increments during that period. The salary increments were paid to NJLESA bargaining unit members in late August 2018. Similarly, in July 2018, the State and NJSOLEA executed a MOA covering the same period that also provided for the payment of salary guide increments during that period. The salary increments were paid to NJSOLEA bargaining unit members in early December 2018. Thus, all affected bargaining unit members have been made whole on the principal amounts through payment of the salary increments in question.

[7] See N.J.R.E. 201(a) (permitting judicial notice of determinations of governmental agencies).

NJLESA and [NJSOLEA] unit employees upon expiration of their respective 2011-2015 CNAs."  PERC "held that the State was required under the Act and the facts of the case to maintain the status quo of regular salary guide increments post-contract expiration."  PERC also awarded prejudgment interest to NJLESA employees, in accordance with the rates established under Rule 4:42-11, from February 22, 2018 to August 30, 2019.  As part of its decision, PERC ordered the State to cease and desist from certain specified activities, required the State to pay the awarded prejudgment interest within thirty days, and required the State to "[n]egotiate in good faith with the NJLESA and [NJSOLEA] over any proposed changes to the salary guide increment systems set forth in the parties' CNAs and maintain the status quo regarding salary guide movement during those negotiations by paying salary increments to eligible NJLESA and [NJSOLEA] unit employees."

Petitioners raise the following points for our consideration:

POINT A

PERC ERRED IN DISMISSING THE APPELLANTS' VERIFIED COMPLAINT AND DENYING THEIR SUBSEQUENT MOTION FOR RECONSIDERATION. AS SUCH, PERC'S DETERMINATIONS MUST BE REVERSED.

POINT B

PERC ERRED IN FAILING TO: (1) CONSOLIDATE THIS MATTER WITH THE PENDING UNFAIR PRACTICE CHARGES; (2) ESTABLISH PROCEDURES FOR HANDLING THE MATTER ONCE TRANSFERRED; AND (3) SOLICIT INPUT FROM THE CSC.

POINT C

PERC DID NOT POSSESS JURISIDICTION TO DECIDE THE APPELLANTS' CLAIMS AND, THUS, EXCEEDED ITS AUTHORITY IN DOING SO.

POINT D

PERC ERRED IN DETERMINING THE STATUTES AT ISSUE DID NOT MANDATE THE PAYMENT OF STEP INCREMENTS AT THE EXPIRATION OF THE CNA BETWEEN THE PARTIES.

POINT E

THE SUPREME COURT'S DECISION IN COUNTY OF ATLANTIC FURTHER SUPPORTS THE VIABILITY OF THE APPELLANTS' CLAIM FOR RELIEF.

POINT F

PERC WRONGFULLY DENIED THE APPELLANTS' MOTION FOR RECONSIDERATION.

THE APPELLANTS' APPEAL TO THIS HONORABLE COURT WAS TIMELY.

For the following reasons, we dismiss the appeals as moot.

As we have noted, while these appeals were pending, the State entered into MOAs with the NJLESA and NJSOLEA for successor CNAs covering the period July 1, 2015, through June 30, 2019. The MOAs resolved the issue of salary increments to be paid.

Petitioners acknowledge that the salary increments at issue have been paid. They nevertheless argue that the appeal should be resolved because it raises legal issues that are of substantial importance, which are likely to recur, yet capable of evading review. In this regard, Toolen and the NJLESA state in their brief, without citation to any documents in the record, that during negotiations with the State the NJLESA "sought to include language in the CNA requiring the continued payment of salary increments post-contract expiration," consistent with County of Atlantic, 230 N.J. at 253. However, "the State refused to agree to the inclusion of such language into the successor agreement" and maintained "that the payment of salary increments is not required following the expiration of a [CNA], but rather remains in [the State's] discretion."

"Mootness is a threshold justiciability determination rooted in the notion that judicial power is to be exercised only when a party is immediately threatened with harm." Betancourt v. Trinitas Hosp., 415 N.J. Super. 301, 311 (App. Div. 2010). It is the "policy of the courts to refrain from . . . deciding moot cases." N.J. Turnpike Auth. v. Parsons, 3 N.J. 235, 240 (1949). Our courts "do not resolve issues that have become moot due to the passage of time or intervening events." City of Camden v. Whitman, 325 N.J. Super. 236, 243 (App. Div. 1999).

An issue is moot when a judicial decision, when rendered, can have no practical effect on the existing controversy. Redd v. Bowman, 223 N.J. 87, 104 (2015); State v. Davila, 443 N.J. Super. 577, 584 (App. Div. 2016). A party's conduct, such as settlement, may render issues moot. See, e.g., Discover Bank v. Shea, 362 N.J. Super. 90 (App. Div. 2003) (appeal rendered moot by settlement); Rybeck v. Rybeck, 150 N.J. Super. 151, 155-56 (App. Div. 1977) (challenge to constitutionality of statute rendered moot by settlement of action).

Generally, our courts refrain from rendering advisory opinions or functioning in the abstract. DeVesa v. Dorsey, 134 N.J. 420, 428 (1993); Jackson v. Dep't of Corr., 335 N.J. Super. 227, 230 (App. Div. 2000). Nevertheless, a court will sometimes resolve an issue, notwithstanding its

14

mootness, where the issue is of substantial importance, and is likely to recur but capable of evading review. Zirger v. Gen. Accident Ins. Co., 144 N.J. 327, 330 (1996); DeVesa, 134 N.J. at 428.

Here, the core issue presented, whether the State is legally obligated to pay salary increments during the interim period between an expired CNA and implementation of a successor CNA, has been rendered moot by the entry into successor CNAs covering the time period at issue. The successor agreements provide for retroactive payment of the disputed salary increments, and the State has fully paid the increments. Therefore, petitioners have obtained through negotiation what they sought through litigation, and our decision can have no meaningful practical effect. Petitioners also obtained a favorable legal ruling through PERC's April 30, 2020 final decision on the unfair labor charges, subject to the State's right to appeal.

Petitioners are correct that the legal issue may recur, and it presents a question of substantial public interest. However, the issue is not so time-sensitive that it is capable of evading review. Similar issues have been resolved by the Judiciary in the recent past. See, e.g., In re County of Atlantic, 445 N.J. Super. 1 (App. Div. 2016), aff'd on other grounds, 230 N.J. 237 (2017).

Furthermore, a full resolution of the complex legal issues raised by appellants would entail addressing the interplay of several statutes that may implicate constitutional questions. Due to the settlement that was reached after the appeal was filed, this case is no longer "the proper vehicle for determination by us of the significant issues raised by [petitioners]." Rybeck, 150 N.J. Super. at 155-56. Moreover, constitutional questions should not be addressed "unless absolutely imperative to resolve issues in litigation." City of Camden, 325 N.J. Super. at 243. Accord Tarus v. Borough of Pine Hill, 189 N.J. 497, 515 (2007); Bell v. Stafford, 110 N.J. 384, 389 (1988). For these additional reasons, we decline to render an advisory opinion in this matter.

Because we dismiss these appeals as moot, we need not and do not reach the other arguments raised by petitioners or respondents.

Dismissed as moot.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

16