**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1062-22

BONA PACKAGING, INC.,

    Plaintiff-Respondent,

v.

KEVIN INGRALDI, B.I. FOODS,
LLC, and RKW HOLDINGS, LLC,

    Defendants-Appellants.

_____

Submitted February 28, 2024 – Decided April 19, 2024

Before Judges Currier and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-0194-21.

Gallucci & Profy, LLC attorneys for appellants (Richard Dante Gallucci, Jr., on the briefs).

Kasen & Kasen, PC, attorneys for respondent (Jenny Rebecca Kasen, on the brief).

PER CURIAM

Defendants Kevin Ingraldi (Ingraldi), B.I. Foods, LLC (B.I.), and RKW Holdings, LLC (RKW)[1] appeal from an October 7, 2022 final judgment in the amount of $65,750.17 entered in favor of plaintiff Bona Packaging, Inc. as to principal and interest owed for deliveries of packaging products. After careful review of the record, we affirm.

I.

The October 7 final judgment awarded "Post-Effective Date principal and interest outstanding (for deliveries made on or after the February 15, 2020 Effective Date) – a total amount of $65,750.17 as of October 7, 2022 (comprised of $45,794.67 principal and $19,955.50 interest) – plus a daily per diem thereafter of $22.58" against RKW and B.I. The final judgment also memorialized prior orders dismissing all claims against Ingraldi and the claims for principal and interest prior to February 15, 2020 against defendants. No written or oral statement of reasons for the entry of final judgment was set forth by the trial court.

However, the parties narrow their arguments on appeal to the entry of the April 8, 2022 and August 3 partial summary judgment orders. Accordingly, we

---

[1] Kevin Ingraldi, B.I. and RKW are referenced collectively throughout this decision as defendants. Ingraldi is B.I.'s president.

A-1062-22

conclude the record is sufficient for our review of the October 7, 2022 final judgment. See Rendon v. Kassimis, 140 N.J. Super. 395, 398 (App. Div. 1976) (explaining the correlation between summary judgment on a dispositive issue of a case and the entry of final judgment as to the matter in entirety). Thus, we proceed to consider the substantive issues.

## II.

In reviewing whether the partial summary judgment orders were improvidently entered, we view the facts in the record in the light most favorable to defendants as the non-moving parties. Harz v. Borough of Spring Lake, 234 N.J. 317, 329 (2018). In doing so, we give defendants "the benefit of the most favorable evidence and most favorable inferences drawn from that evidence." Gormley v. Wood-El, 218 N.J. 72, 86 (2014); see also R. 4:46-2(c).

On April 30, 2020, RKW and B.I., entered into an Asset Purchase Agreement (APA) with non-party Beef International, Inc. (Beef). The APA designates both RKW and B.I. as the "Buyer" and Beef as the "Seller." Section 1.06 of the APA, titled "Effective Time; Transition Period," sets forth as follows:

> (a) The parties agree that, notwithstanding the Closing Date, the effective time of the Closing shall be deemed to be 11:59 pm on February 15, 2020 (the "Effective Time").

3

(b) During the period between the Effective Time and the Closing Date (the "Transition Period"), Buyer has operated the Business as the agent of the Seller, except as otherwise set forth herein. Buyer was entitled to receive and retain all of the cash generated, and all of the Business' account receivable (the "Post Effective Time Operating Receivables") generated, during operation of the Business by the Buyer from and after the Effective Time and during the Transition period; and Buyer likewise assumed and was obligated for any of the Business' Liabilities (the "Post Effective Time Operating Liabilities") related to the operation of the Business, as incurred by the Business, from and after the Effective Time, during the Transition Period and through the Closing Date. . . .

During the Transition Period, as defined under the APA, plaintiff supplied RKW and B.I. with $139,821.20 worth of packaging products, at the request of their purchasing agent, Robert Kalatschan. Defendants paid certain invoices totaling $94,026.53, leaving a principal balance due of $45,794.67 for orders delivered after the commencement of the Transition Period on various dates in February, March and September 2020.

On January 21, 2021, plaintiff filed a complaint against defendants in the Law Division seeking a money judgment in the amount of the outstanding invoices plus interest based on breach of contract, quantum meruit and unjust

4

enrichment. Plaintiff also sought to appoint a statutory receiver and hold Ingraldi personally liable for the debt by piercing the corporate veil.

Plaintiff moved for partial summary judgment seeking payment of the principal balance due plus interest. Ingraldi cross-moved for summary judgment seeking to dismiss all claims for individual liability against him. On April 8, 2022, the trial court granted plaintiff's motion for partial summary judgment against RKW and B.I. for the principal sum of $45,794.67 only and granted defendant Ingraldi's cross-motion dismissing all individual claims against him for the reasons set forth in an oral decision. Plaintiff's motion for partial summary judgment seeking an award of interest on the principal amount due was denied.

In rendering its decision on the summary judgment motions, the trial court concluded RKW and B.I. were responsible for payment on deliveries made during the Transition Period since they were running the business under the APA at that time, they ordered and accepted deliveries from plaintiff and paid one of plaintiff's invoices during the Transition Period by way of a March 6, 2020 check. The motion record included evidence that during the Transition Period, RKW and B.I. were collecting receivables on behalf of Beef and they were

purchasing products from vendors such as plaintiff prior to the May 13 Closing Date in order to ensure a smooth take-over of Beef's operations.

Plaintiff subsequently filed another motion for partial summary judgment requesting an award of interest on the principal sum. Defendants RKW and B.I. also cross-moved for summary judgment as to all remaining claims against them. In an August 3, 2022 oral decision, the trial court granted plaintiff's motion and awarded interest on the principal sum in the amount of $16,452.58 as of May 5, plus a daily rate of interest thereafter of $22.58, as against RKW and B.I. The trial court also granted defendants' cross-motion for summary judgment dismissing all remaining claims against them. The trial court found that since the employee who signed the invoices at delivery had apparent authority to do so, defendants RKW and B.I. were liable for payment of the interest terms on the invoices as part of the continuing transaction between the parties. The October 7 final judgment was subsequently entered.

On December 6, 2022, defendants filed a notice of appeal as to the October 7 final judgment. On February 3, 2023, the trial court entered an order staying collection on the judgment pending appeal and ordering defendants to deposit $65,750.17, the principal sum and interest, as bond pursuant to Rule 2:9-6.

A-1062-22

## III.

Defendants argue on appeal that the trial court erred in entering the April 8, 2022 order for the principal amount outstanding on the invoices for deliveries during the Transition Period because plaintiff was neither a party nor a third-party beneficiary to the APA. Defendants assert that if they are required to pay for orders during the Transition Period, plaintiff would be unjustly enriched. Defendants also contend the trial court improperly awarded interest to plaintiff on the outstanding principal because the employee on the loading dock that accepted the deliveries accompanied by invoices setting forth interest terms did not have apparent authority to bind them.

Our review of a trial court's grant of summary judgment is de novo, applying the same standard applied by the trial court. Samolyk v. Berthe, 251 N.J. 73, 78 (2022). As a result, we are tasked with determining ""whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party."" C.V. v. Waterford Twp. Bd. of Educ., 255 N.J. 289, 305 (2023) (quoting Samolyk, 251 N.J. at 78 (quoting Brill v. Guardian Life Ins Co. of Am., 142 N.J. 520, 540 (1995))).

A-1062-22

"Reviewing appellate courts should 'not disturb the factual findings and legal conclusions of the trial judge' unless convinced that those findings and conclusions were 'so manifestly unsupported by or inconsistent with the competent, relevant, and reasonable credible evidence as to the offend the interest of justice.'" Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015) (quoting Rova Farms Resort, Inc. v. Investors Ins. Co., 65 N.J. 474, 483-84 (1974)). We review questions of law de novo. Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019). "[A] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Ibid. (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). However, when reviewing the facts of a case, we apply a deferential standard to the findings of the trial court. Balducci v. Cige, 240 N.J. 574, 594 (2020).

IV.

To prevail on a claim for breach of contract, "plaintiff has the burden to show that the parties entered into a valid contract, [] the defendant failed to perform his obligations under the contract and [] the plaintiff sustained damages as a result." Murphy v. Implicito, 392 N.J. Super. 245, 265 (App. Div. 2007). "A contract must be sufficiently definite in its terms that the performances to be

rendered by each party can be reasonably ascertained." Savarese v. Pyrene Mfg. Co., 9 N.J. 595, 599 (1952).

Defendants contend that plaintiff was neither a party to the original contract nor an intended third-party beneficiary of the APA and, therefore, summary judgment was improvidently granted. Defendants contend the "intent of the limited portion for the [APA] was to allow RKW and B.I. to collect receivables on behalf of Beef's primary creditor, PNC Bank, N.A." Defendants also claim the APA allowed it to "make purchases for products from vendors such as [p]laintiff prior to May 13, 2020[,] in preparation for the take-over of the operations to ensure a smooth transition."

We are unconvinced that the trial court erred in granting partial summary judgment for the outstanding principal due for deliveries made by plaintiff to defendants during the Transition Period. The undisputed facts in the record established defendants ordered goods from plaintiff during the Transition Period, plaintiff delivered the goods and defendants failed to pay the amount of the invoices for goods purchased. Thus, we find no error in the trial court's order granting partial summary judgment, as incorporated into the final judgment, finding defendants liable to plaintiff for the principal amount of the outstanding invoices, which the proofs establish total $45,794.67. In light of our conclusion,

9

we need not address plaintiff's alternate argument that it was a third party beneficiary of the APA.

V.

We also find no error in the trial court's entry of the partial summary judgment order awarding interest on the outstanding principal due to plaintiff. Defendants' receipt of the invoices setting forth the cost of the goods received and stating there will be a "1.5% monthly charge added to all items unpaid within terms" coupled with several payments of invoices for goods delivered during the Transition Period establishes liability for interest on the outstanding balance.

Defendants contend they never agreed to pay plaintiff interest on any outstanding invoices. They also argue the delivery receipts were not signed by defendants' officers, members, or owners but, instead, the receipts were signed by low-level employees who happened to be working on the loading dock during those specific deliveries. We are unconvinced.

The undisputed facts in the record establish that defendants' employees had apparent authority to bind RKW and B.I. through accepting deliveries of goods which were accompanied by invoices containing the interest terms. Apparent authority is established when a principal acts in a manner that conveys

10

to a third party an agent has authority to act.  <u>Lampley v. Davis Mach. Corp.</u>, 219 N.J. Super. 540, 548 (App. Div. 1987) (quoting <u>Lewis v. Travelers Ins. Co.</u>, 51 N.J. 244, 250-51 (1968)).  <u>See</u> <u>Restatement (Second) of Agency</u> § 8 & cmt. a (Am. L. Inst. 1958).

When deliveries were made by plaintiff to RKW and B.I., the goods were accepted, and invoices containing the interest terms were signed for and received by defendants' representatives.  Acceptance of the deliveries paired with the invoices conveyed to plaintiff that RKW and B.I.'s employee had authority to bind them to the invoice terms.  Neither the goods nor the invoices were ever rejected by any representative of RKW or B.I.

Defendants also accepted the invoices, which including the stated interest fee term on late payments, by paying the outstanding balance after receiving an invoice on more than one occasion.  Based on these uncontested facts, the trial court properly found there were no genuine issues of material fact precluding the entry of partial summary judgment awarding interest on the outstanding principal.  Thus, entry of final judgment memorializing the trial court's prior orders holding RKW and B.I. liable for payment to plaintiff of the outstanding principal on the invoices plus interest is supported by the record.

11

We remand to the trial court to vacate its order staying collection of the judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12

A-1062-22